KURTZ v. POTTER et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. COVENANTS—VALIDITY — HUSBAND AND WIFE — AGENCY — HUSBAND'S AUTHORITY.

In the absence of evidence of authority from a wife, to whom property was conveyed, to her husband, who acted as her agent in the transfer of property, an agreement executed by the husband alone, restricting the use

of the property, which formed no part of the conveyance, was not binding on her nor her grantees, to whom she conveyed the property with full covenants of warranty, though such agreement was recorded.

2. SAME—LAND—COVENANTS RESTRICTING USE—CONSTRUCTION.

A covenant providing that the first building erected on land conveyed should be a private dwelling of brick and stone, adapted for residence of private families, etc., and that a flat or apartment building was not such a building, did not restrict the use to which a building conforming to the covenant should be put after its erection.

Appeal from special term, New York county.

Action by Nellie R. Kurtz against Eugene Clifford Potter, impleaded with Riverside Wheelmen of New York. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

George C. Austin, for appellant.

Charles Henry Butler, for respondent Potter.

Frank M. Holahan, for respondent Riverside Wheelmen of New York.

INGRAHAM, J. This action was brought to enjoin the defendants from continuing the use of the premises No. 804 West End avenue for any purposes other than that of private families or buildings for churches, according to the terms and conditions of the agreement, and to recover damages for the use of the property in violation of the agreement. The agreement in question was made on November 21, 1890, and was executed by one Samuel W. Bowne. The instrument recited that the parties thereto are the owners, respectively, of land fronting on West End avenue between 97th and 100th streets, in the city of New York. The agreement provided that "the first buildings erected on the said land within twenty years after the date hereof shall be private dwellings of brick or stone, not less than three stories in height, planned and adapted for the residence of private families, or buildings for churches"; that in the meaning and for the purposes of this agreement the buildings commonly known as "tenements," "flats" or "apartment houses" are not such private dwellings, and that this covenant should run with the land, and be binding upon the heirs, executors, administrators, and assigns of the said parties, and all the persons deriving title from them respectively. It appeared that the property now in the possession of the defendant at the time this agreement was made belonged to one Nettie R. Bowne, the wife of Samuel W. Bowne, who executed the agreement sought to be enforced. Neither at that nor at any other time did Samuel W. Bowne have any title to the premises. He was called as a witness, and testified that he bought the property, and put it in the name of his wife, Nettie R. Bowne; that he controlled the property, and when it was eventually sold he negotiated the sale, and that all his wife did was to execute the deed conveying the property. There was, however, no evidence that Mrs. Bowne, the owner of the property, authorized her husband to execute this or any other agreement in relation to it, or that he had any authority from her to sign such an agreement. Assuming that an agreement of this kind would be

valid if by parol, or that authority to execute such an agreement could be conferred by parol, there is in this case absolutely no evidence that there was any such authority conferred upon the husband, or that the wife, the owner of the property, ever consented to the execution of the agreement. Nor does the agreement itself purport to be the act of the wife, who was the owner of the property. Assuming that the defendant had notice of the execution of this agreement by Samuel W. Bowne, it was not an agreement made by the owner of the property, and the person taking title to the property was not bound to assume that this agreement was intended to or did bind the property of those who were not parties to it. The recording of the agreement gave no notice to the purchasers of the property that the interest or title of one not a party to the agreement is bound by its provisions. Certainly, without some proof of the fact that Nettie R. Bowne authorized its execution, she would not be bound by such an agreement, not executed in her name, and not purporting to be her act. She having conveyed the property by a full warranty deed not subject to the agreement, or not mentioning it in any way, the purchaser obtained a title to the property free from any obligation imposed by the agreement. A husband has now no title to or interest in the property of his wife, and no authority, merely because of the marital relation, to dispose of or bind such property in any way. We think, therefore, that, assuming that the recording act gave notice to the purchaser of this property that Samuel W. Bowne had, by the execution of this agreement, made a covenant as to the use to which the property should be put, such covenant was not binding upon his wife, Nettie R. Bowne, and did not affect her interest in the property, and that a conveyance by her of the property not subject to such an agreement conveyed a good title to a purchaser, free from any obligation to fulfill the agreement. We also think that there was no evidence to show that the covenant contained in this agreement was violated. The covenant, by its express terms, related only to the buildings that should be erected upon the land. Its sole effect was that the first building erected on said land within twenty years should be a private dwelling of brick or stone, not less than three stories in height, planned and adapted for the residence of private families, or buildings for churches; and that a tenement, flat, or apartment house was not such a building. Nothing in the covenant would prevent any one from using the building so erected in any way he pleased, or from removing the building thus erected, and erecting upon the premises a building that could be used for any purpose.

We think the learned court below correctly decided the case, and that the judgment appealed from should be affirmed, with costs. All concur; McLAUGHLIN, J., in result.