CLARA L. REED, Plaintiff, *v.* LEON SOBEL, Defendant.

First Department, April 13, 1917.

**Real property** — covenant restricting construction of private dwellings — subsequent alteration of dwelling not a violation of covenant.

A covenant without a specification as to time providing that the first buildings to be erected upon lands are to be private dwellings constructed for the use of one family only, is purely a covenant of restriction of construction and not of use, and where the first building has been erected in good faith for the use of a single family there is no restriction either of the use of that building, or of its substantial alteration, or of the construction of a new building.

Hence, such a covenant does not prevent the reconstruction of a private dwelling on the premises so as to make it include several apartments.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Henry A. Stickney,* for the plaintiff.

*Abraham Kaplan,* for the defendant.

SMITH, J.:

The plaintiff is the owner in fee simple of a lot adjoining that of the defendant upon One Hundred and Fourth street, New York city, upon which is now erected a four-story private dwelling constructed for the use of one family only, and occupied by the plaintiff and her family as a private residence. The defendant is the owner of an adjoining lot, upon which is erected a private dwelling house similar in all respects to that

owned by the plaintiff, and constructed for the use of one family only. Before 1890 this block upon the south side of One Hundred and Fourth street and between West End avenue and Riverside Drive was owned by the trustees of the estate of Sophia R. C. Furness. Upon the 17th of June, 1890, this block was conveyed to one Charles Weinberg, and in that deed was the following restriction:

"And the said party of the second part for himself, his heirs, executors, administrators and assigns, doth covenant, promise and agree to and with the said parties of the first part, their successors and assigns that he will not at any time hereafter erect, make, establish or carry on or suffer to be erected, made, established or carried on in any manner on any part of the above-described and hereby granted premises any livery stable, railroad depot, slaughter house, tenement house, tallow chandlery, steam engine (except for domestic purposes), smith shop, forge furnace, brass foundry, nail or other iron factory or any manufactory for making glass, glue, varnish, vitriol, ink or turpentine, or for the tanning, dressing, preparing or keeping of skins, hides or leather or any theatre, opera house, brewery, distillery, molasses or sugar refinery, lager beer or concert saloon, or during a period of twenty years from the date of this deed for any asylum, reformatory or other public or denominational institution, or at any time for any manufactory, trade or business whatever which may be in any wise noxious or offensive to the neighboring inhabitants."

Upon October 21, 1891, the said Weinberg conveyed to Egbert C. Simonson eight lots in said block excluding from said deed the lot upon the corner of Riverside Drive and One Hundred and Fourth street and the lot upon the corner of One Hundred and Fourth street and West End avenue. That deed contained the following covenants and restrictions: "And also subject to a covenant against nuisances contained in prior deeds. The party of the second part for himself, his heirs and assigns, covenants and agrees that the first buildings to be erected upon said premises are to be private dwellings constructed for the use of one family only."

The two lots owned by plaintiff and defendant are included in the property so conveyed. The plaintiff and defendant both

acquired their title through various mesne conveyances to their respective properties from Simonson, and the conveyances were made expressly subject to the restrictions of said deed. Upon the ten lots covered by the deed to Simonson were constructed ten private dwellings, which conformed to said restrictions and were constructed for the use of one family only, and said ten buildings were the first buildings erected on said premises after the conveyance above mentioned by the said Weinberg to said Simonson. The defendant purchased his lot on September 13, 1916, and upon the 20th of September, 1916, filed with the building department an application for the building on said premises of certain additions and alterations. Said alterations contemplate a reconstruction of the interior part of said building, and an addition to the rear thereof such as to make the said building adaptable to several apartments. The plaintiff claims that such alteration is a violation of the said restrictive covenants, and will irreparably damage and injure the plaintiff and will interfere with the use and enjoyment of the plaintiff's property for private and residential purposes and deprive the plaintiff against her will of the benefits and advantages of the aforesaid covenants, and that the plaintiff has no adequate remedy at law. She asks judgment enjoining the defendant from making said alterations.

The covenant, as I read it, is purely a covenant of restriction of construction and not of use. The covenant is against first construction, and the plaintiff concedes that the defendant may take down the building and construct a new building in its place for whatever purpose he chooses, but claims that in order to escape the binding force of the restriction a new building must be erected, and the same purpose cannot be accomplished by the use of any substantial part of the building first constructed.

That restrictive covenants are to be construed strictly is settled by a long line of authorities. In my judgment it would be going far beyond the intent of the restriction to hold that in the construction of a new building a substantial part of the old building cannot be used. The grantor deemed it sufficient to provide for a certain construction of the building first erected, deeming that that would be sufficient to accomplish the purpose

intended. That building was constructed in 1891. These intended alterations were not proposed until 1916. So that every purpose reasonably intended by the grantor has already been accomplished. It is true that many covenants restricting construction are deemed also covenants restricting use, but no authorities are cited where the construction restricted was the first construction without specification of time, that it has been held to be a restriction for the use. In *Walker* v. *McNulty* (19 Misc. Rep. 701) is found a covenant not to construct before 1912 any building of whatsoever kind except private dwellings for the use of one family only. That would limit other construction, and necessarily so, until 1912. In *Barnett* v. *Vaughan Institute* (119 N. Y. Supp. 45) the provision was that all buildings thereon erected should be first-class private houses. That restriction extending for all time, necessarily involves a restricted use. In *Kurtz* v. *Potter* (44 App. Div. 262; affd., 167 N. Y. 586) the covenant required that the first building erected within twenty years should be not less than three stories in height, adapted for the residence of private families or buildings for churches. This court held that nothing in the covenant would prevent any one from using the building so erected in any way he pleased or from removing the building thus erected and erecting upon the premises a building that could be used for any purpose. It follows that after the first building was erected upon these premises in good faith for the use of a single family, there is no restriction either of the use of that building or of the construction of a new building or of an alteration of that building, substantial or otherwise for any purpose.

I recommend a judgment for defendant, without costs.

CLARKE, P. J., SCOTT, DOWLING and DAVIS, JJ., concurred.

Judgment ordered for defendant, without costs. Order to be settled on notice.