THE TEXAS COMPANY, Respondent, *v.* DOMENICA MELFI, Appellant.
(Appeal No. 1.)

THE TEXAS COMPANY, Respondent, *v.* DOMENICA MELFI, Appellant.
(Appeal No. 2.)

First Department, March 13, 1942.

*Peter L. F. Sabbatino* of counsel [*Edward J. Fontana* with him on the brief; *Sabbatino & Todarelli*, attorneys], for the appellant.

*Winfred C. Allen*, for the respondent.

CALLAHAN, J.   The plaintiff based its right to recover upon a written guaranty executed by the defendant in 1926.   The principal debtor (defendant's husband) operated a gasoline station in New York city.   The agreement of guaranty contained a provision that it was to continue until revoked by written notice.

In addition to the guaranty, the plaintiff had obtained a lease of the real property where the gasoline station was located, which property was owned by defendant. Plaintiff, in turn, leased the property to defendant's husband. A sales agreement was also executed by defendant's husband to the plaintiff. The only document in the nature of a contract executed by the defendant, other than the writings above referred to, was the 1926 agreement of guaranty.

On December 30, 1938, defendant and her husband sent to plaintiff a registered letter signed by both of them, which read: " This is to advise that effective on this date I am cancelling my lease and license agreement and all contracts that I have with you." .

The plaintiff conceded the receipt of this letter of cancellation. Plaintiff's contention upon the trial of this action and on this appeal is that the notice thus received was insufficient to cancel the guaranty, for the reason that the reference made by the defendant to " all contracts " did not include the agreement of guaranty. In effect, plaintiff's position is that the guaranty was merely a continuing offer which would not ripen into a contract until credits were extended to the principal debtor.

We disagree with plaintiff's construction of the notice involved. Its clear intent was the termination of all arrangements between the parties. The word " contracts " as used by the defendant, a lay person, was unquestionably sufficiently comprehensive to include an agreement of guaranty. Such agreement of guaranty constituted a contract made by the defendant with the plaintiff.

For the purpose of showing that the letter of December 30, 1938, was not intended as a notice of cancellation of the guaranty, plaintiff was permitted to cross-examine defendant's husband, the principal debtor, concerning a visit by the husband to the plaintiff's attorney, and to adduce testimony concerning alleged statements by defendant to her husband purporting to show that defendant had forgotten the existence of the guaranty. The defendant wife had been a witness but was not examined concerning any prior inconsistent statements. We think that any evidence given by the husband on this score was incompetent. Ordinarily such evidence would be hearsay, unless it became admissible as the declarations of an agent authorized to bind the principal by an admission against interest, or as a prior inconsistent statement made by a witness. There was no proof of the husband's authority to act as his wife's agent in this regard. No attempt was made to show express authority, nor do we find any facts in the record warranting a finding of implied authority. The transaction involved was not one arising out of ordinary household affairs and mere

proof of the marital status did not constitute proof of such implied authority. (*Kurtz* v. *Potter*, 44 App. Div. 262; affd., 167 N. Y. 586; 1 Mechem on Agency [2d ed.], § 169; Wigmore on Evidence [3d ed.], § 1078, subd. 5.)

No foundation had been laid for the introduction of prior inconsistent statements by the defendant.

We think that the trial court failed to give sufficient weight to the effect of plaintiff's admission that the notice contained in the letter of December 30, 1938, had actually been received by it.

The judgment should be reversed, with costs, and judgment directed in favor of the defendant, with costs. The appeal from the order denying defendant's motion for a new trial should be dismissed.

On Appeal No. 1: MARTIN, P. J., TOWNLEY and DORE, JJ., concur; COHN, J., dissents and votes to affirm.

On Appeal No. 2: MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

COHN, J. (dissenting on Appeal No. 1). The guaranty agreement, dated November 12, 1926, provides as follows: " This is intended as a continuing guaranty applying to all present indebtedness and to all sales made by you to Louis Melfi until the same is revoked by me in writing to the Texas Company at its office in 17 Battery. * * * Mrs. D. Melfi." The language of the letter of cancellation of this guaranty mailed to plaintiff by defendant's husband was neither clear nor explicit. In the notice of alleged cancellation written upon the stationery of defendant's husband and signed by the husband and by the defendant, there was not the slightest attempt to make specific reference to the guaranty or to apprise plaintiff that the phrase " all contracts " was ever intended to cover the continuing guaranty executed by defendant alone over twelve years before. In order to revoke a contract of guaranty the language used to do so must be clear and unequivocal. (28 C. J. 929; 17 C. J. S., Contracts, § 402; *American Steel & Wire Co.* v. *Richardson*, 191 Mich. 549, 554; 158 N. W. 34; *Lanusse* v. *Barker*, 3 Wheat. [16 U. S.] 101; *Gamble* v. *Cuneo*, 21 App. Div. 413, 415; affd., 162 N. Y. 634.) The purported notice here does not meet that test.

Moreover, from the evidence in this case it is obvious that defendant never intended to include the contract of guaranty in the notice of cancellation and the trial court was correct in so deciding. The court had the right to find that defendant's husband had authority to bind defendant by the admission that she had forgotten about the guaranty. While the mere marital relation does not of itself make the husband an agent of his wife, he may nevertheless become an agent for her and the agent's admissions

are then admissible against her. (Wigmore on Evidence [3d ed.], § 1078, subd. 5.) In the circumstances of this case there was an issue of fact as to whether the husband was acting as an agent for his wife. Although defendant was in the courtroom throughout the trial, she did not attempt to contradict the testimony given by her husband or by plaintiff's attorney to the effect that she had made the admission that " her best recollection was that she never had signed such a letter of guaranty."

I, accordingly, dissent and vote to affirm.

On Appeal No. 1: Judgment reversed, with costs, and judgment directed in favor of the defendant, with costs. Settle order on notice.

On Appeal No. 2: Appeal from order denying motion for a new trial on the ground of newly-discovered evidence unanimously dismissed.