**BRYAN et al. v. DARLINGTON et al.**

No. 11764.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 8, 1947.

Rehearing Denied Dec. 10, 1947.

Second Rehearing Denied Jan. 14, 1948.

J. Marvin Ericson, of Corpus Christi, for appellants.

J. B. Trimble, of Corpus Christi, for appellees.

682

MURRAY, Justice.

This suit was instituted by Peyton Bryan and T. H. Peddicord against Frank Darlington and wife, Madge Darlington, Frank Darlington, Jr., Dorothy Darlington and Mary E. Darlington, seeking a temporary injunction and on final hearing a permanent injunction restraining defendants from operating a private children's nursery and day school at their home, located on Lot 3, Block 16, Arcadia Village Subdivision, an addition to the City of Corpus Christi, Nueces County, Texas, designated as 226 Norton Street, on the ground that the operation of such children's nursery and day school would violate a restriction in force and effect in Arcadia Village, reading as follows: "No store, shop or permanent office of any kind or business of any kind shall be permitted on the tract."

The trial judge, after a rather full hearing, denied the temporary injunction and plaintiffs have prosecuted this appeal.

The trial judge's fourth, fifth and sixth findings of fact are as follows:

"4. Defendant Madge Darlington is a professionally trained teacher, having taught extensively in public and private schools for some thirty years. She proposes to personally conduct a private children's nursery and day school combined on the premises above described, where she, her husband and children reside. Such children's nursery and day school would accommodate children of from two and one-half years up to public school age and would be conducted during daylight hours. The maximum enrollment would be twenty children. The nursery school would be conducted in the dwelling and enclosed back yard. She would make charges for her services as a children's nursery and private school for private profit. She has previously operated kindergartens and on other occasions operated nurseries, but she has not previously operated the combination of the two. She will personally supervise the children in their work and play. In addition to the nursery and day school she proposes to teach piano lessons for private profit on a limited scale.

"5. Defendants' premises are used primarily as a dwelling for the family, and will be used incidentally as a children's nursery and day school. There will be no physical changes or alterations made in the premises which will mar their appearance or that of the neighborhood in which they are situated, nor deprive them of their general character of a private single family dwelling.

"6. The evidence fails to show that plaintiffs would suffer irreparable injury and damage by the Court denying the injunctive relief sought."

We are of the opinion that the restriction is not so broad and all inclusive as to prohibit the operation of a "children's nursery and day school," such as is contemplated by Mrs. Darlington, but if the restriction does prohibit the conducting of such a children's nursery and day school, then it is void as against public policy. As was said in Clifton George Co. v. Great Southern Life Ins. Co., Tex.Civ.App., 247 S.W. 912, 914:

"Any law that would tend towards the restriction of buildings for religious worship or teaching, or restrain public or private schools for education, would be frowned down alike, for they walk hand in hand, the corner stones of our American institutions, and without which no government can stand. While there is here no restraint of the former class, we simply use the two as the basic symbols illustrative of our institutions.

"It is education that fits our people for self-government. It is the educated American who shall stand for his government against socialism and destroy the hydra head of all the monsters that rise up against law, order, and constituted authority. We unhesitatingly hold that such restraint upon this property must be overthrown and invalidated."

We furthermore agree with the trial judge's finding that appellants have not shown that they will suffer irreparable injury as a result of the conducting of such a children's school.

In an appeal from an order of a trial judge refusing a temporary injunction such order should not be disturbed by us unless it is shown that in refusing the temporary injunction the trial judge abused

his discretion. We are here unable to say from this record that there was any such abuse of discretion.

The order refusing the temporary injunction is affirmed.

### On Motion for Rehearing.

■ In our original opinion we stated that the restriction relied upon by appellants is not so broad and all inclusive as to prohibit the operation of a "children's nursery and day school." We did not discuss or cite authorities in support of this conclusion. We deem it necessary to here do so. The restriction here relied upon by appellants is found in paragraph (f) of the "Restrictions for Arcadia Village," and reads as follows:

"(f) No trailer, basement, tent, shack, garage, barn or other out building erected in the tract shall at any time be used as a residence, temporarily or permanently, nor shall any residence of a temporary nature be permitted. No store, shop or permanent office of any kind or business of any kind shall be permitted on the tract."

We wish also to call attention to paragraph (d) of the same instrument, reading as follows:

"(d) No noxious or offensive trade shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood. No horses or cows shall be kept on any lot. No breeding or raising of dogs as a business shall be permitted on any lot."

■ It would seem from the reading of these two paragraphs that it was the intention, by paragraph (d), to prohibit the carrying on of noxious or offensive trades in the village, and by paragraph (f) to prohibit the erection of temporary residences and other business buildings. At least these paragraphs are subject to such construction, and it is our duty to here construe such restrictions strictly and against the person seeking their enforcement. All restrictions of the free use of land are in derogation of the common law right to use land for all lawful purposes that go with the title and possession, and are to be construed strictly against the person creating or attempting to enforce such restrictions. Johnson v. Wellborn, Tex.Civ.App., 181 S. W.2d 839. By adding two words, which are strongly implied, the last sentence of paragraph (f) could be made to read as follows:

"No store, shop or permanent office (building) of any kind or business (building) of any kind shall be permitted on the tract."

When this construction is given to the last sentence of paragraph (f) it does not relate at all to the conducting of a trade or business, but simply to the type of structure that will be permitted upon the tract. The matter of conducting trades upon the tract is taken care of by paragraph (d) of the restrictions. There is quite a difference between a restriction which prohibits the construction of a store, shop or other business structure and one that prohibits the conducting of a trade in a structure after the building is erected. Baumert v. Malkin, 189 App.Div. 858, 179 N.Y.S. 402; 98 A.L.R. p. 392.

■ However, if the last sentence in paragraph (f) be construed as relating to the conducting of trades upon the tract, then under the doctrine of ejusdem generis only the conducting of such trades as that of store, shop, office or some similar business would be prohibited and such provision could not be extended to include the conducting of a "children's nursery and day school."

■ Where, as here, certain specific businesses are named and then follows a general term such as, "or business of any kind," the general term is restricted to the extent that it only includes businesses that are of the same kind and species as those particularly named, and does not include other businesses which are dissimilar.

■ In Pulom v. Jacob Dold Packing Co., C.C., 182 F. 356, 357, we find a very good statement of this rule, to-wit:

" 'Ejusdem generis' means of the same kind or species. The words are used to designate a rule of construction that when an author makes use first of terms, each evidently confined and limited to a particular class of a known species of things, and then, after such specific enumeration,

subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet, when used, embraces only things ejusdem generis—that is, of the same kind or species—with those comprehended by the preceding limited and confined terms."

If it had been intended that the word "business" should be all inclusive, then there would have been no use in naming, "store, shop or permanent office." Shaw v. Kendall, Mont. 136 P.2d 748.

Likewise, if a business of any kind was to be prohibited then there would be no meaning that could be given to paragraph (d), wherein it is stated that "No noxious or offensive trade shall be carried on upon any lot." Why mention noxious or offensive trades if all trades were to be prohibited? Sweet v. Hollcarn, 142 Misc. 408, 254 N.Y. S. 625, Note: 98 A.L.R. p. 392.

In Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269, 272, 153 A.L.R. 1054, it is said:

"Article 3101 provides: '* * * candidates for Governor and for all other State offices * * * and candidates for Congress * * * shall * * * be nominated in primary elections by the qualified voters of such party.' It will be noted that the statute names one State office, that of Governor, as an example of what is meant, and then includes 'and for all other State offices.' It will be seen that words of specific and particular meaning are followed by general words. Under the rule of ejusdem generis, where specific and particular enumerations of persons or things in a statute are followed by general words, the general words are not to be construed in their widest meaning or extent, but are to be treated as limited and applying only to persons or things of the same kind or class as those expressly mentioned. The rule in this respect was announced by this Court in Farmers' & Mechanics' Nat. Bank v. Hanks, 104 Tex. 320, 137 S.W. 1120, 1123, Ann.Cas.1914B, 368, as follows:

" 'It is a prime rule of construction that where in a statute general words follow a designation of particular subjects or classes of persons the meaning of the general words will be restricted by the particular designation in such statute. This is known as the rule of ejusdem generis, and is a rule of almost universal application.' "

Upon a more deliberate consideration we have decided that the holding in Clifton George v. Great Southern Life Ins. Co., Tex.Civ.App., 247 S.W. 912, to the effect that a restriction relating to the use of real estate which prohibits the conducting of a private school in a residential area would be against public policy and therefore void, is against the great weight of authority and should not be followed by us. Annotations found on pages 390-393 of 98 A.L.R.; Cannon v. Ferguson, Tex.Civ.App., 190 S. W.2d 831.

We therefore withdraw our statement in our original opinion to the effect that if the covenant under consideration did prohibit the conducting of a children's nursery and day school it would be void as against public policy.

We have carefully considered appellants' motion for a rehearing and the same is overruled.