Sidney H. JOHNSON, Appellant,

v.

Chester F. USSERY, Appellee.

No. 7109.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1969.

Lynwood Sanders, Orange, for appellant.

Grover C. Halliburton, Orange, for appellee.

STEPHENSON, Justice.

This is a suit for an injunction to prohibit the sale of beer from two lots situated in a subdivision covered by restrictive covenants. Trial was before the court, and the injunction was denied. No findings of fact or conclusions of law were made by the trial court. The parties will be referred to here as they were in the trial court.

The sole question for this court to determine is whether or not the trial court properly construed the legal effect of the restrictive covenants. Part of these restrictions were as follows:

"A. Each lot in Forrest Heights shall be used only for residential purposes. No lot, or any part thereof, sold or conveyed hereunder, shall be used as a site or place to conduct any business, trade, commercial or professional activity thereon, save and except those designated on the aforesaid map or plat as commercial, provided, however, that a barber shop or a beauty shop may be operated in a portion of a home situated upon a residential lot upon compliance with State, County and any other applicable laws.

\*　\*　\*　\*　\*　\*

"H. No beer or intoxicating liquors shall be sold on said lot or lots.

\*　\*　\*　\*　\*　\*

"K. It is understood that commercial lots as designated on said plat may be used for residential purposes, but the use of commercial lots for residential use must comply with the residential requirements as contained herein. All lots designated as commercial shall be subject to the same building restrictions as provided for residential lots, except that they shall not be subject to the building setback line requirements nor square footage requirements. No commercial lot may be used for dance halls, beer taverns, liquor stores, garages, junk yards or wrecking yards or any type of commercial activity that would be a general nuisance to the neighborhood. It is understood that a person may build a residence on a commercial lot if it

meets residential restrictions and use a portion of it for business purposes."

The facts in this case were stipulated to the trial court by a written agreement, which included in substance the following: Defendant had obtained the County Judge's approval for a Beer Retailer's Off-Premises License affecting the two lots involved. That these two lots covered by the restrictions are designated as "commercial" on the map which was attached to the restrictive covenants.

The Supreme Court of Texas has laid down certain guidelines by which we must measure the facts of this case. In Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465, 470 (1941), the applicable law was restated:

"Restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubt should be resolved in favor of the free and unrestrictive use of the premises.

"Being in derogation of the fee conveyed by the deed, if there be any ambiguity in the terms of the restrictions, or substantial doubt of its meaning, the ambiguity and doubt should be resolved in favor of the free use of the land."

We have concluded the trial court properly denied the injunction. Considering the entire instrument creating the restrictive covenants and construing such instrument in the light of giving meaning to all of its provisions, paragraph "H" had application to the residential lots and paragraph "K" to commercial lots. The Texas case most similar to the one before us is Bryan v. Darlington, 207 S.W.2d 681 (San Antonio, Civ.App., 1947, error ref. n. r. e.). In that case, the restrictive covenants provided in one place that no kind of business should be permitted on the tract of land, and then later provided that no noxious or offensive trade should be carried on, or anything done which may become an annoyance or nuisance. The point made by

the court in that case was, that if business of any kind was to be prohibited, then why mention noxious or offensive trades. Applying the same logic to our case, if the meaning of paragraph "H" was that no beer or intoxicating liquors could be sold on any lots (including commercial), then why mention in paragraph "K" that no commercial lot could be used for a beer tavern or liquor store. Under the old Latin maxim "ejusdem generis," by specifically excluding beer taverns and liquor stores, only those particular limitations were placed upon the commercial lots.

Affirmed.