ROSE BOVIN, Plaintiff, *v.* SAMUEL GALITZKA and Others, Defendants.*

Supreme Court, Kings County, October 14, 1927.

**Landlord and tenant — use of premises — clause in lease " to be used and occupied — real estate office " does not limit use for that purpose solely.**

The use of property leased is not restricted by a clause in the lease as follows: " to be used and occupied — real estate office," and said clause does not prevent the lessee from using the property for a grocery and dairy, in the absence of any other provision in the lease from which such a negative covenant may be implied and especially where the use does not violate the hazard clause.

MOTION by plaintiff to strike out separate defense in answer of defendant Schorr.

*Raphael & Randel* [*Samuel Randel* of counsel], for the plaintiff.

*Samuel L. Marcus* [*J. Irwin Shapiro* of counsel], for the defendant Schorr.

CARSWELL, J. This is a motion by the plaintiff to strike out the second separate defense in the answer of the defendant Schorr. This defense sets out as part thereof a copy of the lease between the parties, which contains this provision with respect to the property leased, " to be used and occupied — real estate office." The

* Revd., 223 App. Div. 737. See, also, 131 Misc. 482.

validity of this defense rests upon the determination of the claims made by the plaintiff that the foregoing language prohibits the use of the premises for any purpose other than that of a real estate office, and particularly precludes its use for a grocery and dairy.

Plaintiff relies on *Kaiser* v. *Zeigler* (115 Misc. 281) which, incidental to deciding other questions, held that a lease which provided that the property was to be occupied as "a saloon and hotel" limited the property to that use. The court there said: "While the language does not say only for such purposes, or not for any other purpose, that is immaterial. *Express words of restriction are not necessary where the language used shows that no other use was to be permitted than that specified.* In such a case there is an implied covenant not to use the premises for any other purpose." (Italics ours.) (Citing *Weil* v. *Abrahams*, 53 App. Div. 313.)

The latter case, upon the authority of which the foregoing statement is made, cited as its authority *Steward* v. *Winters* (4 Sandf. Ch. 587). In the *Steward* case the provision was as follows: "The store to be occupied by the regular dry goods jobbing business, *and for no other kind of business.*" (Italics ours.)

The *Weil* case concerned itself with whether a display of auctioneers' flags could be had without permission of the lessors, where the lease forbade the display of signs of any kind at, in or about the entrance, and with whether using the store for auction sales of oilcloth and dry goods was permissible, when the store had been demised "to be used and occupied as an oilcloth store and dry goods store."

The *Kaiser Case (supra)* is not at variance with *Kerley* v. *Mayer* (10 Misc. 718) where it was held that the provision in a lease, "to be used and occupied only as a strictly first-class liquor saloon," does not restrict the tenant to the saloon business, but merely restricts the character of such business, if carried on. The *Kerley* case is cited with approval in the *Kaiser* case, and the two cases are to be reconciled by observing that it was stated in the above quotation from the *Kaiser* case: "Express words of restriction are not necessary where the language used shows that no other use was to be permitted than that specified."

In the lease in the *Kaiser* case there was the language hereinbefore quoted, and in addition other paragraphs or provisions with respect to the character of the occupancy, from which could be implied a restriction of the use of the premises to the one specified. To cite but one, it was provided in paragraph 9 of that lease that "The tenant further covenants that he will, during the term of this lease, keep and sell on the said premises certain beer known as 'George Ehret's Beer.'"

This excluded a business not selling beer. It will be thus seen that the phrase " the language used " relates to *other* language than that merely used descriptively of the character of the occupancy, and that it was this *other* language in the *Kaiser* case lease, read in connection with the quotation referring to a saloon and hotel, that enabled the court to imply a covenant not to use the premises for any other purpose. In the *Weil Case (supra)* there was a practical construction of the language used, made by the parties themselves, and manifested by an insertion of an additional use in the language originally employed, that brought the facts of that case within the exception that permits of implying a covenant against uses other than the specified use.

Each case must stand upon its own facts. Restrictions upon the use of property should not be favored, where parties who mean to so restrict can readily and expressly do so with apt words, or can use language that fairly implies such restriction. The true rule seems to be that a specifying of the use to which the property is to be put does not limit the use to that purpose, unless there be express language so limiting it, or unless there is language from which there may be implied a covenant not to use the premises for a purpose other than the specified one. In the *Kaiser* case there was such *other language*. In the *Kerley* case there was no such other language.

In the case at bar, reading the lease annexed and made part of the defense, there is no such other language from which there may be implied a covenant against use of the premises for a purpose other than that specified, especially where its hazards would not violate the hazards clause in the lease. The lease herein parallels the lease in the *Kerley* case, rather than the lease in the *Kaiser* case, even on the paragraph with regard to the character of hazard of the business or purpose for which the premises may be occupied, and there is no covenant in this case against underletting, etc. Therefore, the rule in the *Kerley* case should be applied.

It is further claimed that the answer was passed upon by another justice on a motion for an injunction. This is incorrect, as an examination of the order made on that motion shows that the answer was not before the court.

The motion to strike out the defense is, therefore, denied.