ROSE BOVIN, Plaintiff, v. SAMUEL GALITZKA and Others, Defendants.

Supreme Court, Kings County, October 14, 1927.

**Judgments — judgment on pleadings — holding of complaint sufficient on motion for injunction does not preclude defendant from having judgment on pleadings under Civil Practice Act, § 476.**

The fact that a complaint may have been held sufficient on a motion for a temporary injunction does not preclude the defendant from having judgment on the pleadings, under section 476 of the Civil Practice Act, where allegations in the answer which the plaintiff admits to be true show that the plaintiff has no cause of action.

CROSS-MOTION by defendant Schorr for judgment on the pleadings, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*Raphael & Randel* [*Samuel Randel* of counsel], for the plaintiff.

*Samuel L. Marcus* [*J. Irwin Shapiro* of counsel], for the defendant Schorr.

CARSWELL, J. This is a cross-motion made by the defendant for judgment on the pleadings upon the ground that the complaint does not state facts sufficient to constitute a cause of action, in the light of the admission of the plaintiff that the lease between the parties annexed to the second separate defense in the answer is the one upon which the allegations in the complaint are based.

The first objection is that, the complaint having been held sufficient on a motion for an injunction, the granting of this motion is precluded. This objection is without merit, as the fact that the motion is sufficient, when viewed without the lease annexed, does not prevent it being held insufficient in the light of the lease annexed to the answer, which lease was not before the court on the motion in which the complaint was held sufficient. The complaint is sufficient, but the allegations therein are broader than the lease upon which it is based, in that it incorporates as a pleading of a conclusion of fact the pleader's conclusion of law as italicized, " to be used and occupied as a real estate office *only and not otherwise.*" There is no such language as that italicized in the foregoing quotation set out in the lease, and on the motion herewith decided (131 Misc. 479) it has been held that there is no language from which such a covenant may be implied, under *Kerley* v. *Mayer* (10 Misc. 718). If the *Kerley* case is to control, the pleadings herein require that the complaint be held insufficient, in the light of the admission made in the motion directed to the answer, as the lease annexed

thereto correctly sets out the relations of the parties and cuts down the effect of the allegations in the complaint.

Accordingly, upon the foregoing situation, under section 476 of the Civil Practice Act, the defendant is entitled to judgment. Submit order accordingly, reciting all the motion papers in the plaintiff's motion to strike out the defendant's second defense, so that the admission involved therein may be made part of the record on this motion.