KING DRUG STORES, INC., Plaintiff, *v.* RAMSGATE REALTY Co., INC., and Others, Defendants.*

Supreme Court, New York County, April 6, 1933.

* Affd., 241 App. Div. 806.

*Chadbourne, Stanchfield & Levy*, for the defendant Charles Cory Corporation, for the motion.

*Samuel Fischer*, for the defendant Graybar Cafeteria, Inc., for the motion.

*Eisman, Lee, Corn & Lewine*, for the defendant Ramsgate Realty Co., Inc., for the motion.

*Louis Shapiro*, for the defendant Stewart Sandwiches, Inc., for the motion.

*Isidore Miller*, for the plaintiff, in opposition to the motion.

SHIENTAG, J. On July 2, 1928, the Vanderbilt Construction Company, not a party to this action, leased to Charles Cory & Son, Inc., predecessor in interest of the defendant Charles Cory Corporation, for a term of twenty-one years, certain premises located at the corner of Varick and King streets, borough of Manhattan, city of New York, and known as No. 183 Varick street. On July 3, 1928, the Vanderbilt Construction Company conveyed the fee of the premises to the defendant Ramsgate Realty Co., Inc. On October 1, 1928, Charles Cory & Son, Inc., with the consent of the defendant Ramsgate, sublet to one Louis Deneroff, plaintiff's assignor, all the space on the first floor of the premises. The sublease, among other things, provided that the premises were to be used solely for the purpose of carrying on a modern drug store and luncheonette, and that during the demised term Cory would not lease any portion of the building for a similar purpose.

On April 30, 1930, Ramsgate became the owner in fee of 181 Varick street, immediately adjoining the plot which it already

owned. A building was constructed on the new site and on January 13, 1931, a certificate of occupancy was granted. Ramsgate, in constructing the new building, used, with Cory's permission, a portion of the southerly wall of No. 183 Varick street for the northerly wall of the new building and caused three doorways to be cut in that wall to be used as fire exits for the new building. On January 13, 1931, Ramsgate leased a portion of the new building (181° Varick street) to defendant Graybar Cafeteria, which in turn leased to the defendant Stewart Sandwiches, Inc., which latter company operates a restaurant and cafeteria in competition with the plaintiff's business and in violation, as the plaintiff alleges, of the restrictive covenant in Deneroff's sublease. (Deneroff, as has been stated, was the plaintiff's assignor.) The complaint then alleges that prior to the Graybar lease and prior to the occupancy by Stewart, the defendants were duly apprised of the restrictive covenant in the sublease to plaintiff's assignor; that Ramsgate, Graybar and Stewart induced, aided, abetted, encouraged and rendered possible the breach of such restrictive covenant by defendant Cory. The plaintiff, therefore, seeks to enjoin all the defendants from permitting the conduct of any business in 181 Varick street competitive with that of plaintiff at 183 Varick street. It urges (1) that the defendant Cory should be restrained because it permitted the defendant Ramsgate to use a portion of the wall of 183 Varick street, of which Cory was the lessee, thereby making possible the violation of the restrictive covenant contained in the sublease between Cory and plaintiff's assignor, which possibility ripened into reality when Ramsgate leased to Graybar for a competitive purpose a portion of 181 Varick street; (2) that the defendant Ramsgate should be restrained because with knowledge of the restrictive covenant contained in the sublease of plaintiff's assignor, it leased a portion of 181 Varick street for a similar use.

The determination of this motion depends upon the answer to the question, what were the obligations of the defendants Cory and Ramsgate with respect to the covenant contained in the sublease of plaintiff's assignor? This covenant reads: " The lessor Cory hereby covenants and agrees that during the term of this lease it shall not lease any portion of the said building for any purpose or purposes similar to those of this lease."

Liability under this covenant is expressly imposed on the lessor Cory, alone, and limited to its acts with respect to " said building," namely, 183 Varick street. The expressed intention of the parties at the time the covenant was made must govern. (*Gillet* v. *Bank of America*, 160 N. Y. 549; *Kitching* v. *Brown*, 180 id. 414; *Booth* v. *Knipe*, 225 id. 390, 396; *King* v. *Hudson River Realty Co.*, 210

id. 467.) When this covenant was entered into between the parties on October 1, 1928, 181 Varick street was not in existence and construction upon the building was not begun until two years after such sublease was executed. The undertaking, therefore, on the part of the defendant Cory must have been only with respect to 183 Varick street. Certainly the new building was not an annex as contended by plaintiff. Such a holding would be supported neither by the legal definition of the word nor by the actual facts. To include 181 Varick street within the protective wing of this covenant would be doing violence to the expressed intention of the parties. Restrictive covenants will not be extended by implication. (*Baumert* v. *Malkin*, 235 N. Y. 115; *Clark* v. *Devoe*, 124 id. 120; *Schoonmaker* v. *Heckscher*, 171 App. Div. 148; affd., 218 N. Y. 722.) By the same token, the covenant in this sublease cannot be extended to render the covenantor (Cory) liable for acts of third parties in violation of its terms, if violation there be. (*Clark* v. *Devoe, supra; McLean* v. *Woolworth*, 204 App. Div. 118; affd., 236 N. Y. 612; *Harsha* v. *Reid*, 45 id. 415.)

The covenant entered into by the defendant Cory was not a covenant against the acts of its lessor Ramsgate or third parties, but only against its own acts. There is no allegation that the defendant Cory was a lessee or owner of any part of the new building nor is there any allegation that the defendant Cory has or had at any time any connection with or control over those in possession of the new building. Cory, therefore, could not be held responsible for any act on the part of the defendant Ramsgate alleged to have been in violation of this covenant. The mere fact that Cory consented to the use of one of the walls of the building by the owner of 181 Varick street cannot be construed as a violation of the restrictive covenant. The erection of the new building was not a violation of the covenant. The consent to use the wall was not a violation; in fact, plaintiff makes no such complaint. The violation, if any, was the making of the lease by Ramsgate to Graybar. To such act Cory was not a party. The complaint does not allege that Cory knew to what use Ramsgate was going to put the building.

No fraud is alleged nor are any facts set forth from which it might be adduced that a conspiracy was entered into between the defendants. The complaint merely alleges conclusions — " induced, aided, abetted, encouraged and rendered possible." The use of this language, unassisted by allegation of facts, does not show a tortious act on the part of the defendant Cory. (*Park & Sons Co.* v. *National Druggists Assn.*, 175 N. Y. 1; *Wood* v. *Amory*, 105 id. 278; *Morton* v. *Weet*, 142 Misc. 473.) Plaintiff, accordingly, is not entitled to any relief against that defendant.

In so far as the defendant Ramsgate is concerned, the principles of law hereinbefore set forth are equally applicable. The covenant against similar use was not made by the defendant Ramsgate. It did not undertake to restrict the use of 183 Varick street. The construction by Ramsgate of 181 Varick street two years after the covenant entered into between Cory and plaintiff's assignor can in no wise impose liability on Ramsgate. In the first place he did not make the covenant. In the second place the covenant referred to 183 Varick street. In the third place there is no privity of estate or contract between Ramsgate and the plaintiff. The mere fact that the complaint alleges that Ramsgate was cognizant of the sublease between plaintiff's assignor and Cory does not impose any liability on Ramsgate.

The motion to dismiss the complaint is accordingly granted.