Louis GL Bruhn, J.
The plaintiffs herein, owners of one-family residences on the southerly side of Myrtle Avenue in the City of Troy, seek a temporary injunction pursuant to section 877 of the Civil Practice Act enjoining the use and occupancy of the premises located at 12 Myrtle Avenue as a fraternity house.
The relief sought by the plaintiffs is grounded upon a restrictive covenant to which the conveyances to the plaintiffs and the defendant fraternity are subject.
So far as it is important to the determination of the instant application, the covenant provides: “that the above described premises shall not be used for any other than residential purposes ; that not more than one house shall be built thereon, that *855 no two family house or flat shall be erected thereon, that no fence, dwelling or structure except a porch or steps shall be built nearer than (40) forty feet (Italics supplied.)
There seems little question that the law favors free and unobstructed use of property; that a covenant restricting the use of land is to be construed strictly against the grantor who imposed it and if capable of more than one interpretation, it will be construed against the party who is endeavoring to extend it. (Premium Point Park Assn. v. Polar Bar, 306 N. Y. 507; Single v. Whitmore, 307 N. Y. 575.)
This court is mindful of the general principle stated in the case of Trustees of Columbia College v. Thacher (87 N. Y. 311, 316) citing Tipping v. Eckersley (2 K. & J. 264, 270), that “ ‘ If the construction of the instrument be clear, and the breach clear, then it is not a question of damage, but the mere circumstance of a breach of covenant affords sufficient ground for the court to interfere by injunction.’ ” (Italics supplied.)
Therefore, the instant application should be resolved by a determination of whether or not the construction of the covenant in question is clear or ambiguous insofar as its use is concerned. (Italics supplied.)
The plaintiffs, of course, argue that the covenant is clear and that the language “ that no two family house or flat shall be erected thereon ’ ’ by implication carries the connotation that single dwellings erected for the use of one family only may be permitted on the premises in question.
To substantiate their position the plaintiffs rely on the ease of Baumert v. Malkin (235 N. Y. 115).
While, concededly, such case stands for the general proposition that an exaction with regard to use survives mere erection, we must be mindful of the context from which such principle emerged.
In that case the covenant under consideration provided that the buildings to be erected ‘ ‘ shall be first class private dwellings erected for the use of one family only.”
It is interesting to note that the court, at page 122, stated: “ The language seems to us not only fairly but quite conclusively to mean that when a person is required to erect a building of a certain character and for a certain use that that character and that use are the ones which must be imposed upon it when the erection is completed.” (Italics supplied.)
The plaintiffs’ position might have a greater appeal for the application of the principle they assert if the language “ be used for any other than residential purposes ” had been wholly absent from the instant covenant.
*856 In the opinion of this court the strength of their argument is dissipated by the two-pronged design of the instant covenant.
It certainly can be argued with some degree of success that because of such two-pronged design the intent may be contrary to that urged by the plaintiffs.
It is no strain on logic to suggest that the possible contra intent would conclude that the limitation on the erection was not intended to extend its effect on the use because of the definitive limitation in the covenant itself to use for “ residential purposes
Since there is no claimed violation on the limitation of erection the argument could well conclude that the intent of limitation of use was solely that of “ residential” and that being so no violation exists.
It must be conceded that a college fraternity is not a “ single family ”. (City of Schenectady v. Alumni Assn., 5 A D 2d 14.)
However, while the City of Schenectady case (supra) so held it did not hold, in the opinion of. this court, that a fraternity house is not a residence. To hold that a fraternity house is not a residence would do violence to the commonly understood definition of that term.
Therefore, since the intent of this covenant is not clear, only a trial will be able to resolve it. For the reasons stated, the application is denied, without costs.