Oliver D. Williams, J.
Plaintiff commenced the above-entitled action alleging two causes of action: one for a declaratory judgment; the other for an injunction. It now makes this motion for summary judgment against the defendant for the relief prayed for in its complaint.
Carden Hall, Inc. is a co-operative housing development and the defendant is one of its tenant-shareholders. The defendant occupies apartment 5F in plaintiff’s premises at 2620 East 13th Street, Brooklyn, pursuant to an occupancy agreement dated November 10, 1951. He, however, moved into the premises July 1, 1952, at which time he had a dishwasher and a clothes-washer installed in the apartment. This he was permitted to do pursuant to the terms of the said occupancy agreement, the pertinent part of which reads as follows:
“ ARTICLE IV
“ eleventh : The Cooperator hereby covenants with the Sponsor as f ollows: * * *
“ (d) The Sponsor may from time to time, subject to the approval of the Commissioner, establish such reasonable rules and regulations as its Board of Directors may deem necessary for the management and control of the said building, and may also from time to time change such rules. It is mutually agreed that such rules (as annexed hereto or from time to time revised as herein provided), are and shall be a part of this lease as if set forth herein. The Cooperator hereby agrees to obey all such rules and to see that they are faithfully observed by his household, employees, guests and undertenants, if any, of the Cooperator, it being understood that such rules shall apply to and be binding upon all of the Cooperators and their respective successors in the occupancy of their respective apartments.
‘ ‘ The Cooperator shall not without the prior written consent of the Sponsor use or install in the apartment power driven instruments or other mechanical devices such as, but not limited to, garbage disposal units or power tools but specifically excluding washing machines. The Cooperator agrees that the Sponsor may require the removal of such devices at *867 any time and that upon the failure of the Cooperator to obtain the said consent of the Sponsor for the installation of such devices or to remove the same upon request shall constitute a default in the obligations to be performed by the Cooperator under the terms of this lease and the Sponsor upon such failure may terminate and cancel this agreement as provided in Article I hereof.
“(e) The Cooperator shall not occupy or use the apartment hereby demised or permit the same or any part thereof to be occupied or used for business, commercial or professional purposes or for any purpose other than as a private dwelling apartment for the Cooperator and the family of the Cooperator, and shall not permit or suffer anything to be done upon said premises which will increase the rate of fire insurance on the building, or of the contents hereof, or which will obstruct or interfere with the rights of other tenants, or annoy such tenants by unreasonable noises or otherwise, or which will obstruct the public halls or stairways of the building, and shall comply with all the requirements of the Board of Health and of all other governmental authorities with respect to the said premises, and that if, by reason of the occupancy or use of said premises by the Cooperator, the rate of fire insurance of the building shall be increased, the Cooperator shall become personally liable for the additional insurance premiums, and the Sponsor shall have the right to collect the same when charged to the Sponsor as if a part of the carrying charges of said premises.”
On or about October 11, 1960 the co-operative adopted new rules and regulations as follows:
1 ‘ 1. Effective immediately the installation of laundry washing machines and dish washing machines in apartments were prohibited.
“.2. All existing installations of laundry washing machines and dish washing machines in apartments are to be removed by September 1, 1965.”
The defendant did remove the clothes washing machine about August, 1965 but refused to remove his dishwasher. The plaintiff thereafter commenced this action to compel the removal of defendant’s dishwasher.
The only issue of fact raised by the papers submitted is the effect of dishwashers on the plumbing system of plaintiff’s premises. It is the court’s opinion, however, that such factual issue is of little moment here. The issue in this case is not the reasonableness of the rules and regulations cited above banning all washing machines but is whether the plaintiff has *868 a right, pursuant to the occupancy agreement here involved, to modify said agreement by rules and regulations made subsequent to its execution. The cases cited by plaintiff in support of its motion deal only with the right of such corporation to make reasonable rules and the obligation of the tenant-stockholders to comply therewith. The leases in those cases did not contain the language involved in the case at bar.
In an apartment co-operative the corporation is the sole owner of the building. The apartments are not sold but shares in the corporation are. Occupancy of the specific apartments is pursuant to so-called proprietary leases, and in the case at bar “ occupancy agreements”. The defendant is only a lessee and the nature of his tenancy is a leasehold coupled with forfeiture provisions. It would appear, therefore, that the relationship of the parties is that of landlord and tenant, each governed by the occupancy agreement or lease (Susskind v. 1136 Tenants Corp., 43 Misc 2d 588).
When a landlord leases his property he has a right to subject the leases to such conditions and the tenants to such covenants as he sees fit to impose (Thousand Is. Park Assn. v. Tucker, 173 N. Y. 203). The general rule is to so construe such covenants as to carry out the intent of the parties which may be ascertained by an examination of the whole lease not a particular clause alone (Bovin v. Galitzka, 250 N. Y. 228). Such covenants being restrictive, are not favored by courts and, therefore, will not be extended by implication beyond the terms of the restriction since a party wishing to impose restrictions can do so by the use of clearly understandable language (Bovin v. Galitzka,, 131 Misc. 479, affd. 250 N. Y. 228). The intention to restrict should be unmistakenly expressed in the lease. It should not be a matter of inference. The one who seeks to enforce such restriction has the burden of demonstrating that it is sustained by a plain and natural interpretation of the language used (Baumert v. Malkin, 235 N. Y. 115). It is not the tenant’s burden to show any particular provision justifying his unlimited right to use and occupation. The landlord who denies such right is required to point out the covenant which expressly restricts the tenant’s right, as in this case, to the dishwasher (Lyon v. Bethlehem Eng. Corp., 253 N. Y. 111; Thousand Is. Park Assn. v. Tucker, supra; Presby v. Benjamin, 169 N. Y. 377).
In the case at bar both plaintiff and defendant point to the covenants contained in article IV of the lease quoted in full above. The language therein clearly gives the defendant the *869 right to maintain a dishwasher or clotheswasher or both in his apartment. Such appliances are clearly excepted from the restrictions contained in the second paragraph of the covenant designated “ (d) ”. The language in the first paragraph of said covenant relating to rules and regulations is, at best, ambiguous as to the right of the landlord to modify or change the exception contained in the second paragraph of the covenant by merely changing the rules and regulations. It cannot be said here that plaintiff has met its burden of demonstrating that there is language in the agreement, the natural and plain interpretation of which gives the plaintiff the authority to take away or restrict defendant’s right to the use of a washing machine where, as here, such right is clearly stated in a covenant of the lease. What is involved here are not rules and regulations subject to change or a consent subject to being withdrawn but a covenant in a lease, the language of which must be construed strictly against the plaintiff (Baumert v. Malkin, supra).
Accordingly plaintiff’s motion for summary judgment is denied and summary judgment dismissing the complaint is granted in favor of defendant.