SAUL SILVERSTEIN, as Executor of MARCUS F. BRUCE, Deceased, Respondent, *v.* SHELL OIL COMPANY, Appellant.

Third Department, November 9, 1972.

*Clark, Bartlett & Caffry* (*Robert S. Stewart* of counsel), for appellant.

*John S. Hall* for respondent.

SIMONS, J.   This is an appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in Warren County, upon a decision of the court at Trial Term without a jury.

On November 28, 1966 respondent's testator deeded part of his property to the appellant to be used for a gas station.  The deed and the prior option to purchase contained a covenant that property retained by the grantor after the sale and located within a radius of 2,500 feet of appellant's purchase would not be used for the sale of petroleum products by any other than Shell Oil for a period of 50 years from the date of the deed.[1] The covenant also contained language which was ambiguous, to say the least, but evidently attempted to extend the covenant to other property owned by the grantor in the Towns of Lake George or Warrensburg.   To avoid obvious difficulty, appellant's attorney stipulated in court to restrict its rights under

1. " That said party of the first part covenants that on the adjacent property of the party of the first part for a period of fifty years (50) from the date of this deed and on any lands now or hereafter owned by the party of the first part within twenty-five hundred feet (2,500) of the above described premises and in the Township of Lake George or Warrensburg there will not be distributed, advertised, stored on or from any other property now or hereafter owned by, or directly or indirectly controlled by the party of the first part within these townships, any petroleum products other than those sold, distributed, advertised, stored or sold by Shell Oil Company and or its distributors, agents, licensees, invitees."

the covenant by excising the objectionable language and claiming only a restriction on land of the grantor within a radius of 2,500 feet of the appellant's property. The trial court decided the issue on that basis but, nevertheless, found the covenant void for ambiguity.

Restrictive covenants are enforced where the intention of the parties is clear and the confinement agreed upon is reasonable and not offensive to public policy. They are construed strictly, however, against those who formulate or seek to enforce them and doubts and ambiguities are resolved in favor of free use of the property so that the restrictions are narrowed rather than broadened in their application. (*Single* v. *Whitmore,* 307 N. Y. 575, 581; *Buffalo Academy of Sacred Heart* v. *Boehm Bros.,* 267 N. Y. 242; *Clark* v. *Devoe,* 124 N. Y. 120.)

This negative covenant conveyed the dominant estate to appellant and burdened grantor's remaining land. (See *Buffalo Academy of Sacred Heart* v. *Boehm Bros., supra; Porter* v. *Denny,* 170 App. Div. 546; and cf. *Korn* v. *Campbell,* 192 N. Y. 490.) The purpose and duration of the restriction are clear. The only possible ambiguity concerned the territory burdened and that problem disappeared once the objectionable language was eliminated by appellant. The covenant is a restriction on decedent's land within a radius of 2,500 feet of the conveyed property for 50 years from the date of the deed.

The respondent argues also that the covenant was personal to the grantor and will not survive a change in title to his remaining lands. Whether a covenant is real and runs with the land or personal to the grantor is determined by (1) the intention of the parties, (2) whether the covenant "touches" or "concerns" the land with which it runs and (3) whether there is privity of estate between the person claiming the benefit and the person carrying the burden of the covenant. (*Neponsit Prop. Owners' Assn.* v. *Emigrant Ind. Sav. Bank,* 278 N. Y. 248.) Of these three considerations, the only question in this case concerns the intent of the parties. That must be determined from the instrument and, if necessary, by looking also to the surrounding circumstances. (*Booth* v. *Knipe,* 225 N. Y. 390, 396.) The deed does not recite either that the covenant is to run with the land or that it is binding upon the grantor's heirs, successors, or assigns, but the use or failure to use those familiar phrases does not necessarily determine the nature of the covenant. (*Neponsit Prop. Owners' Assn.* v. *Emigrant Ind. Sav. Bank, supra; Smith* v. *Terrell,* 268 App. Div. 885.) Not-

ably, the language of the covenant does not impose a personal obligation on the grantor to perform or refrain from performing certain acts. Rather, it specifically states that the adjacent property of the grantor will not be used for certain businesses by anyone. (Cf. *Clark* v. *Devoe,* 124 N. Y. 120, *supra;* *Buffalo Academy of Sacred Heart* v. *Boehm Bros.,* 267 N. Y. 242, *supra.*) At the time of the conveyance the grantor was in his middle 50's. Because of his age, it is not realistic to assume the parties intended a personal contract limiting the conduct of the grantor for the next 50 years and a construction that the covenant was personal to him results in a substantial loss of consideration to the purchaser. (See Ann. 25 ALR 3d 897.)[2]

Finally, it is contended that the restriction constitutes a monopolistic restriction of competition and is against the public policy of the State. We find no invalidity on that ground. Covenants restricting the use of lands for the purpose of preventing competition are not void if the covenant is reasonable with respect to the territory involved and the duration of the restriction. (*Trustees Columbia Coll.* v. *Lynch,* 70 N. Y. 440; *Hodge* v. *Sloan,* 107 N. Y. 244.)

The judgment should be reversed, on the law and the facts, with costs to appellant, and judgment directed to be entered in favor of appellant declaring that the restrictive convenant contained in the November 28, 1966 deed is valid and enforceable insofar as it restricts the lands owned by the respondent's decedent at the time of his sale to appellant which are located within a 2,500-foot radius of the property purchased by appellant.

HERLIHY, P. J., STALEY, JR., SWEENEY and KANE, JJ., concur.

Judgment reversed, on the law and the facts, with costs to appellant, and judgment directed to be entered in favor of appellant declaring that the restrictive covenant contained in the November 28, 1966 deed is valid and enforceable insofar as it restricts the lands owned by the respondent's decedent at the time of his sale to appellant which are located within a 2,500-foot radius of the property purchased by appellant.

---

2. Whether the covenant is real or personal, it is enforceable in equity against the grantor and those having actual or constructive knowledge. (*Trustees Columbia Coll.* v. *Lynch,* 70 N. Y. 440; *Hodge* v. *Sloan,* 107 N. Y. 244.) The fact that it does not appear in the grantor's chain of title does not automatically void it.