OPINION OF THE COURT
John R. Tenney, J.
Petitioners seek a review of a refusal by respondents for approval of a plan to construct a McDonald’s restaurant on its premises in the Town of Manlius. In 1974, petitioner Dowd obtained a zoning change from the Manlius Town Board from “Restricted Agricultural” to “Commercial District A”.
The zoning change was subject to a number of “covenants and restrictions” which coincided with the plan for development submitted by Dowd.
Petitioners rely on paragraph 1 of the declaration of covenants and restrictions which states that the premises may be used for “certain commercial uses which shall only include hotel or motel, offices, accessory uses such a personal service shops, restaurants and retail stores and banks”. Thus, each listed use is authorized on its own.
They point out that approval for a bank was granted in 1975 without requiring completion of the remainder of the project.
Respondents urge a different construction of the covenant. They contend that from the grammatical structure of the sentence, it is clear that the word “accessory” modifies only per *742 sonal service shops, restaurants and retail shops, but not banks. Thus, approval of the bank’s construction in 1975 is no precedent.
Respondents further reason that if the word “accessory” is to have any meaning, the proposed use must be contingent or subordinate to a “primary” use, such as, a motel or office building.
The court is bound by certain rules of construction principally, that the intention of the parties controls. (Blair v Ladue, 14 AD2d 373, 375.) If this intention is clear and unambiguous from the agreement, read as a whole, the court cannot resort to evidence of the circumstances in which the agreement was executed. (Kitching v Brown, 180 NY 414.) However, since this covenant restricts the uses to which the land may be put, it must be construed strictly against imposition of the restriction. (Huggins v Castle Estates, 36 NY2d 427, 430.) The party seeking to uphold the restriction must demonstrate “by clear and convincing proof” that such was the parties’ intention. (Supra, at p 430; Silverstein v Shell Oil Co., 40 AD2d 34, 36.)
The intention of the parties is clouded by the use of the word “accessory”. While it could mean some general description of the types of uses listed, as urged by petitioners, it could also relate to some primary use upon which the accessory use is conditioned. A review of the circumstances surrounding execution of the covenant and subsequent conduct is appropriate.
It appears that the parties did not intend to permit construction of any “accessory” uses without a definite commitment to develop the property as an integrated complex. This intention is expressed in paragraph 4 of the resolution of the Town Board on February 27, 1974, which approved the zoning change: “4. No building permit or permits shall be issued for construction on the premises until the Site Plan for the development of the property has been approved by the Town Planning Board. At its option, the Planning Board may grant site plan approval in two stages, one stage for the branch bank development, the second for the development of the balance of the property” (emphasis supplied).
Petitioners’ 1973 application contained preliminary drawings showing complete development of the balance of the property around a “Tudor” style motel, containing a small restaurant. The site plan submitted in 1984 contains a freestanding McDonald’s restaurant with a proposed office building of 18,000 square feet in the rear portion of the premises.
*743 Under these circumstances, the Board determined that:
“it was the intent of the parties to shape a narrow definition of what would be allowed in order to restrict the property to essentially the proposal that was before them.
“2. It is our conclusion that a free standing restaurant was not contemplated by the zone change.” (Resolution of the Planning Board, April 30, 1984, at p 4.)
This conclusion is neither irrational, arbitrary and capricious nor in excess of its authority. This court may not substitute its judgment for that of the Board. (Matter of Murphy v Ziegler, 24 AD2d 452, appeal dismissed 19 NY2d 596.) The petition should, therefore, be dismissed.
Petitioners, after argument, further contend that the Town Planning Board had no power to deny a site plan based on a question of use. Town Law § 274-a and the zoning ordinance do not give such authority to the Planning Board, only to the Town Board.
The authority to review and approve site plans in accordance with “specifications set forth in the said zoning ordinance or local law” (Town Law § 274-a [1] [a]) must necessarily include a review' of the use as one of the specifications. The Town of Manlms Municipal Code states, in section 30.470, “Allpermitted uses requiring site plan approval” shall be submitted to the Planning Board. Furthermore, the supporting data submitted by the owner must include “A description of the proposed uses” (§ 30.470 [A] [9]). This subsequent argument is without merit.