■ In the Matter of PETER W. ECCLES et al., Respondents, v ZONING BOARD OF APPEALS OF THE VILLAGE OF IRVINGTON, Respondent, and JANE K. WELLS, Intervenor-Appellant. [606 NYS2d 305] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington dated September 14, 1990, which granted her application for permission to subdivide her property so as to create a new building lot, the intervenor Jane K. Wells appeals from a judgment of the Supreme Court, Westchester County (Carey, J.), entered April 23, 1991, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs to the petitioners payable by the appellant.

We agree with the Supreme Court that the Zoning Board of Appeals of the Village of Irvington exceeded its powers under the Village of Irvington Code. The Village of Irvington Code provides that the Zoning Board of Appeals may issue a variance upon the denial of an application for a building permit *(see,* Village of Irvington Code § 243-97 [B] [1]). In the absence of any determination denying an application for a building permit, the Zoning Board of Appeals has no power to grant a variance *(see, Matter of Moriarty v Planning Bd.,* 119 AD2d 188). The Zoning Board of Appeals may not exercise its power to grant an area variance in such a way as, in effect, to approve a subdivision plat. Rather, approval of a subdivision plat is a function within the province of the local planning board *(see, Matter of Moriarty v Planning Bd., supra).*

We have examined the appellant's remaining contentions to

the extent necessary in light of the foregoing determination and find them to be without merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.