■ In the Matter of BELL ATLANTIC NYNEX MOBILE, INC., Respondent, v WILLIAM R. LONERGAN, JR., et al., Appellants. [676 NYS2d 603] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Lewisboro dated August 28, 1996, which, after a hearing, *inter alia,* denied the petitioner a variance, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County (Silverman, J.), entered April 9, 1997, as directed the appellants to issue a building permit to the petitioner.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the direction that the appellants issue a building permit to the petitioner is deleted, and the proceeding is dismissed.

The petitioner sought to erect an approximately 128-foot high monopole antenna in the Town of Lewisboro in order to improve cellular telephone service in the area. The petitioner

thereafter applied to the Zoning Board of Appeals (hereinafter the ZBA) for a determination as to whether the antenna was a "building" within the meaning of the Town Code and, therefore, whether a variance was required. After a hearing, the ZBA held that a variance was required but would not be granted. The petitioner thereafter commenced this proceeding. In the judgment appealed from, the Supreme Court, *inter alia,* annulled the ZBA's determination that a variance was required and directed it to issue a building permit to the petitioner. On appeal, the ZBA challenges only that portion of the judgment which directed it to issue a building permit. The ZBA argues that such a permit must be issued by the Town Planning Board upon proper application by the petitioner.

The Town of Lewisboro Zoning Code provides that site-plan approval is a prerequisite to the issuance of a building permit for the proposed property use at issue (*see,* Town of Lewisboro Code § 220-44). The Town Code further provides that the authority to review and approve site plans is vested in the Town's Planning Board (*see,* Town of Lewisboro Code § 220-49). Here, the petitioner does not argue, and the record does not reveal, either that the ZBA was authorized to issue a building permit or that such a permit was even requested (*see, e.g., Matter of Eccles v Zoning Bd. of Appeals,* 200 AD2d 570). Rather, the petitioner argues only that the court's direction that the ZBA issue a building permit is appropriate pursuant to the principles embodied in 47 USC § 332 (c) (7) and the cases arising thereunder. However, although 47 USC § 332 (c) (7) does preempt and circumscribe certain aspects of local governmental authority over the placement, construction, and modification of personal wireless service facilities, neither the statute nor the cases arising thereunder provide for the usurpation of the procedural requirements at issue here (*see, e.g., Illinois RSA No. 3 v County of Peoria,* 963 F Supp 732; *BellSouth Mobility v Gwinnett County,* 944 F Supp 923). Thus, the Supreme Court erred in directing the ZBA to issue a building permit. Mangano, P. J., Rosenblatt, Ritter and Krausman, JJ., concur.