■ John Chambers et al., Respondents, v Old Stone Hill Road Associates et al., Appellants. [757 NYS2d 70] —In an ac-

tion, inter alia, to enforce restrictive covenants in a deed, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered November 19, 2001, as granted the plaintiffs' motion for summary judgment on the first and second causes of action, permanently enjoined them from violating the restrictive covenants, and directed them to remove a wireless telecommunications service facility from the encumbered property.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The defendant Old Stone Hill Road Associates (hereinafter Stone Hill) is a general partnership which owns several parcels of real property in the Town of Pound Ridge, including the two lots at the center of this dispute (hereinafter the Stone Hill lots). In November 1998 Stone Hill leased about 2,000 square feet on one lot, with a right of access on the adjacent lot, to the defendant New York SMSA Limited Partnership (hereinafter SMSA), doing business as Verizon Wireless (formerly Bell Atlantic Mobile), for the purpose of constructing a wireless telecommunications service facility (hereinafter the Facility) to provide cellular service in the Town and the surrounding area. In April 2000 the Town approved a special permit to construct the Facility, which consists of antennae mounted on a 120-foot monopole with a two-story, 660-square-foot equipment storage shed located at the base. In this action, the plaintiffs claim that the Facility violates certain restrictive covenants in the chain of title to the Stone Hill lots, which, inter alia, prohibit "any building except detached residential dwelling houses each for the occupancy and use of one family."

It is well settled that restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy (*see Jones v Fowler,* 201 AD2d 878 [1994]; *Silverstein v Shell Oil Co.,* 40 AD2d 34 [1972], *affd* 33 NY2d 950 [1974]). Here, the language of the restrictive covenants and the circumstances surrounding the relevant deeds confirm the parties' intention to restrict the area to residential use. Moreover, the defendants failed to establish that the restrictive covenants should be extinguished pursuant to RPAPL 1951. Where, as here, the servient property owner's hardships are largely self-created, they do not tip the balance of the equities in favor of extinguishing the restrictive covenants (*see Cody v Fabiano & Sons,* 246 AD2d 726 [1998]; *Deak v Heathcote Assn.,* 191 AD2d 671 [1993]).

On this appeal, the defendants argue for the first time that

the restrictive covenants violate a general public policy in favor of the rapid development of wireless telecommunication service facilities, as well as certain provisions of the Telecommunications Act of 1996 (47 USC § 151 *et seq.*). Although the doctrine of preservation generally precludes appellate review of matters that are raised for the first time on appeal, it is well settled that pure questions of law or statutory interpretation may be considered because their resolution does not hinge on the record evidence (*see Matter of Richardson v Fiedler Roofing,* 67 NY2d 246 [1986]; *Libeson v Copy Realty Corp.,* 167 AD2d 376 [1990]).

Upon reviewing the defendants' new arguments, however, we find that they have no merit. Pursuant to 47 USC § 332 (c) (7) (A), the Telecommunications Act of 1996 preserves "the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities," subject only to the limitations set forth in 47 USC § 332 (c) (7) (B). The statute does not expressly or impliedly preempt the power of private citizens to enforce restrictive covenants or otherwise limit the judicial enforcement of those private agreements (*see generally Sprint Spectrum L.P. v Willoth,* 176 F3d 630 [1999]; *Matter of Bell Atl. NYNEX Mobile v Lonergan,* 251 AD2d 660 [1998]).

The defendants' remaining contentions are without merit. Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.