■ FOREST HILLS GARDENS CORPORATION, Appellant, v MEERIS VELONSKIS, Respondent. [765 NYS2d 267] —In an action to enforce a restrictive covenant, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated March 12, 2002, as, sua sponte, directed it to bear the cost of replacing a garage door which the defendant installed in violation of the restrictive covenant, as a condition of enforcing the restrictive covenant.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provision thereof requiring the plaintiff to bear the cost of replacing the defendant's garage door is deleted.

The plaintiff, Forest Hills Gardens Corporation (hereinafter FHGC), is a not-for-profit-corporation that owns a private resi-

dential community known as Forest Hills Gardens, located in Queens County. All property owners within Forest Hills Gardens are subject to various restrictive covenants which, inter alia, regulate alterations and new construction.

The defendant homeowner violated a restrictive covenant by installing a garage door which did not comply with the guidelines promulgated by FHGC's Architectural Committee. The defendant also commenced other exterior alterations to his home which were disapproved or without authorization by FHGC.

FHGC commenced this action for a permanent injunction to enforce the restrictive covenant and the Architectural Committee's guidelines and procedures. FHGC moved for a preliminary injunction based upon certain violations which occurred before its discovery of the nonconforming garage door. At the oral argument on the motion, the parties reached a settlement as to all but two issues, one of which was the garage door. The Supreme Court directed the defendant to replace the nonconforming garage door with an appropriate wooden garage door only after he received reimbursement from FHGC. We reverse.

Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy (see Chambers v Old Stone Hill Rd. Assoc., 303 AD2d 536 [2003]). The defendant does not dispute the existence of the restrictive covenant and FHGC's authority to enforce it pursuant to the guidelines and procedures of the Architectural Committee. Moreover, it is undisputed that the garage door violates the Architectural Committee guidelines, and the record is devoid of any evidence that FHGC was guilty of laches (see Zaccaro v Congregation Tifereth Israel of Forest Hills, 20 NY2d 77, 80 [1967]). Therefore, the Supreme Court erred in requiring FHGC to bear the cost of replacing the nonconforming garage door (see Chambers v Old Stone Hill Rd. Assoc., supra). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.