In a proceeding pursuant to CFLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated February 13, 2002, which, after a hearing, inter alia, granted the application of the respondents Thomas Coughlin and Margaret Coughlin for three lot-width variances and one rear-yard variance, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Molia, J.), dated October 10, 2002, as, upon an order of the same court entered September 4, 2002, denied the petition and dismissed the proceeding.
Ordered that the plaintiffs notice of appeal from the order is deemed a premature notice of appeal from the judgment (see CFLR 5520 [c]); and it is further,
Ordered that the judgment is affirmed insofar as appealed from, with costs.
*515 The respondents Thomas Coughlin and Margaret Coughlin own a 3.3-acre parcel of land located in the Town of Huntington. The petitioner, Jonathan H. Kaufman, is an owner of a parcel of land which abuts their property. In 2001 the Coughlins went forward with plans to subdivide their parcel into three lots. This required the Coughlins to apply to the respondent Zoning Board of Appeals of the Town of Huntington (hereinafter the ZBA) for lot-width and rear-yard variances, and seek approval from the Planning Board of the Town of Huntington (hereinafter the Planning Board), which has jurisdiction over the creation of subdivisions. The Coughlins first applied to the ZBA for the variances. The petitioner appeared at the hearing and objected on the grounds that the variances would have a negative impact on his property and an adverse impact on the community as a whole. The ZBA granted the Coughlins’ application for the variances on condition that they apply to the Planning Board for permission to subdivide their land.
The petitioner thereafter commenced this CPLR article 78 proceeding to review the ZBA’s determination on the ground, inter alia, that the ZBA had exceeded its jurisdiction and usurped the power of the Planning Board by granting variances which, in effect, created a subdivision. The Supreme Court denied the petition and dismissed the proceeding.
When reviewing a determination of a zoning board of appeals, a court is limited to determining whether the board’s action is illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]; Matter of Tarantino v Zoning Bd. of Appeals of Town of Brookhaven, 228 AD2d 511, 512 [1996]; Matter of Smith v Board of Appeals of Town of Islip, 202 AD2d 674, 675 [1994]). In the present case, the ZBA did not exceed its jurisdiction in granting the Coughlins the lot-width and rear-yard variances on the express and significant condition that they apply to the Planning Board for permission to subdivide their land (cf. Matter of Buckley v Amityville Vil. Clerk, 264 AD2d 732, 735 [1999]; Matter of Cohalan v Schermerhorn, 77 Misc 2d 23, 28 [1973]). Contrary to the petitioner’s arguments, the ZBA did not exercise its power in such a way as to, in effect, approve a subdivision plat (cf. Matter of Eccles v Zoning Bd. of Appeals of Vil. of Irvington, 200 AD2d 570 [1994]).
The petitioner’s remaining contentions are without merit. Smith, J.P, Crane, Mastro and Rivera, JJ., concur.