■ FOREST HILLS GARDENS CORPORATION, Respondent-Appellant, v LIOR EVAN et al., Appellants-Respondents. [786 NYS2d 70]—

In an action, inter alia, to enforce a restrictive covenant, the defendants appeal (1), as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Price, J.), dated February 20, 2003, which, among other things, granted the plaintiff's motion for summary judgment on the complaint, and (2) from an order of the same court dated May 23, 2003, which denied their motion for leave to reargue, and, in effect, for leave to renew, and the plaintiff cross-appeals from stated portions of the order dated May 23, 2003.

Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal from so much of the order dated May 23, 2003, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 20, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 23, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action, inter alia, to enforce a restrictive covenant (hereinafter the covenant) by compelling the defendants to remove a fence constructed on their property without the plaintiff's prior approval as required by the restrictive covenant. The plaintiff is the successor-in-interest to the declarant of the covenant and is authorized thereunder to enforce it. Covenants restricting the use of real property are enforceable "when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 431 [2004]). The covenant at issue here satisfied those requirements (*see Forest Hills Gardens Corp. v Velonskis*, 309 AD2d 732 [2003]). Thus, the plaintiff met its burden on the motion for summary judgment of establishing its entitlement to judgment as a matter of law and the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]) by submitting undisputed evidence that the fence in the defendants' front yard was constructed without its prior approval.

In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 324; *Zuckerman v City of New York, supra* at 562). Their challenge to the plaintiff's refusal to approve the fence in question is without merit as there was no dispute that the fence was constructed without approval. In reviewing the reasonableness of the plaintiff's exercise of its authority, " 'absent claims of fraud, self-dealing, unconscionability or other misconduct, the court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests' of the corporation" (*Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508, 508-509 [1989], quoting *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]; *cf. Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). Since the defendants failed to raise a triable issue of fact regarding the reasonableness of the plaintiff's exercise of authority, the Supreme Court properly granted summary judgment to the plaintiff.

The Supreme Court properly denied that branch of the

defendants' motion which was, in effect, for leave to renew (*see* CPLR 2221 [e]).

The defendants' remaining contentions either are academic or without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.