■ FOREST HILLS GARDENS CORPORATION, Respondent, v 150 GREENWAY TERRACE, LLC, Appellant. [830 NYS2d 581]—

In an action, inter alia, to enforce a restrictive covenant, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), dated May 25, 2005, which granted the plaintiff's motion for summary judgment enjoining the defendant from engaging in any nonresidential use of the premises.

Ordered that the order and judgment is affirmed, with costs.

The defendant owned an apartment building in Forest Hills Gardens and planned to construct a medical office on the premises. The plaintiff brought this action to enforce a restrictive covenant prohibiting nonresidential uses on the property and for a permanent injunction enjoining the defendant from constructing the medical office.

"Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 431 [2004]). Here, the restrictive covenant at issue provides that "[t]he property shall be used for private residence purposes only." This evidences a clear intent to preserve the residential character of Forest Hills Gardens, which was a reasonable limitation (see *Chambers v Old Stone Hill Rd. Assoc.*, supra).

Contrary to the defendant's contention, *One & Three S. William St. Bldg. Corp. v Gardens Corp.* (232 App Div 58 [1931], affd 261 NY 575 [1933]), only upheld the modification of the restrictive covenant to permit the subject apartment building to be built in excess of a two-family dwelling house. The restrictive covenant prohibiting nonresidential use of the premises is still applicable to the defendant's building.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment enjoining the defendant from engaging in any nonresidential use of the premises.

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.