In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated October 24, 2006, as (1) granted those branches of the motion of the defendants 211 West Broadway Condominium and Andrews Building Corp., and the separate motion of the defendant Roberta Arena, which were for summary judgment dismissing the Labor Law §§ 202 and 240 (1) causes of action insofar as asserted against them, (2) granted that branch of the motion of Roberta Arena which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against her, and (3) denied that branch of their cross motion which was for summary judgment against those defendants on the Labor Law § 240 (1) cause of action.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants 211 West Broadway Condominium and Andrews Building Corp., and the separate motion of the defendant Roberta Arena, which were for summary judgment dismissing the Labor Law § 202 cause of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motions, and (2) by deleting the provision thereof granting that branch of the motion of Roberta Arena which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against her, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs by the defendants appearing separately and filing separate briefs.
*445 The defendant Roberta Arena is the owner of a third-floor condominium apartment in a mixed-use commercial/residential building owned by the defendant 211 West Broadway Condominium (hereinafter 211 West Broadway) and managed by the defendant Andrews Building Corp. (hereinafter Andrews). Arena hired the plaintiff Daniel Padovano and his coworker, both professional window washers, to clean the interior and exterior of the windows in her apartment. Padovano allegedly was injured in the course of such work when he fell out of the bottom of a double hung window to the ground below. The window at issue, custom manufactured by nonparty Pella, was approximately eight feet tall and three to four feet wide, and was located approximately 18 inches above the floor. The window was designed to permit the lower section to tilt inward so that the exterior surface could be cleaned from inside. Apparently, the mechanism by which the window tilted inward for cleaning was atypical. At an examination before trial, Padovano testified that Arena warned him that he had to be “very, very careful” in operating the windows because they were “tricky.” Further, he testified, she warned him that the window was “really hard to open halfway up or better” and that you “really had to hit the window to get it out, to tilt it.” According to Padovano, his accident occurred while he was squatting with both feet on the windowsill trying to tilt the lower section of the window inward for cleaning. He testified that he had one hand on the bottom sash and the other hand on the top sash of the lower section of the window, and was using “medium” force to “jiggle” the window, when the bottom of the section suddenly came out of the track and went forward several inches, causing him to lose his balance and tumble out of the window. According to Padovano’s coworker, the lower section of the window was “cockeyed” and off its tracks after the fall. Padovano and his wife (asserting derivative claims) commenced this action, inter alia, to recover damages for violations of Labor Law §§ 200, 202 and § 240 (1). In the order appealed from, the Supreme Court, inter alia, granted those branches of the motion of 211 West Broadway and Andrews, and Arena’s separate motion which were for summary judgment dismissing the Labor Law §§ 202 and 240 (1) causes of action insofar as asserted against them, granted that branch of Arena’s motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against her, and denied that branch of the plaintiffs’ cross motion which was for summary judgment against those defendants on the Labor Law § 240 (1) cause of action. We modify.
Routine, household window washing, as occurred here, is not *446 protected under Labor Law § 240 (1) (see Broggy v Rockefeller Group, Inc., 8 NY3d 675 [2007]; Brown v Christopher St. Owners Corp., 87 NY2d 938 [1996]; Connors v Boorstein, 4 NY2d 172 [1958]). Since the respondents established their prima facie entitlement to judgment as a matter of law regarding the Labor Law § 240 (1) cause of action, and the plaintiffs failed to raise a triable issue of fact, the Supreme Court properly granted those branches of the motions which were for summary judgment dismissing that cause of action insofar as asserted against the respondents.
However, the Supreme Court erred in granting those branches of the respondents’ motions which were for summary judgment dismissing the Labor Law § 202 cause of action insofar as asserted against them. In relevant part, Labor Law § 202 provides as follows: “The owner, lessee, agent and manager of every public building and every contractor involved shall provide such safe means for the cleaning of the widows [sic] and of exterior surfaces of such building as may be required and approved by the [Industrial Board of Appeals]. The owner, lessee, agent, manager or superintendent of any such public building and every contractor involved shall not require, permit, suffer or allow any window or exterior surface of such building to be cleaned unless such means are provided to enable such work to be done in a safe manner for the prevention of accidents and for the protection of the public and of persons engaged in such work in conformity with the requirements of this chapter and the rules of the [Industrial Board of Appeals].” The rules promulgated by the Industrial Board of Appeals are set forth at 12 NYCRR part 21. One section, entitled “Defective windows and structures,” provides: “(1) No owner shall suffer or permit a cleaner to clean any window installed in his building if any part of such window or surrounding structures upon which the cleaner may depend for support is so defective, damaged or deteriorated as to affect its structural strength, or if any part of such window which must be opened during cleaning cannot be operated easily.” (12 NYCRR 21.3 [d].) As currently amended, Labor Law § 202 is not limited to the cleaning of windows from the outside, but encompasses the cleaning of the exterior of windows from the inside (see Sponsor’s Mem, Bill Jacket, L 1970, ch 822; 2 NYCRR 21.5). Here, in support of their respective motions, neither 211 West Broadway, Andrews, nor Arena demonstrated, prima facie, that Labor Law § 202 and the rules promulgated thereunder were complied with. Rather, there is a triable issue of fact as to whether the window at issue was defective within the meaning of the rules, i.e., whether a part of the window that needed to be opened during cleaning (the lower *447 section) could not be operated easily. Thus, the respondents are not entitled to dismissal of the Labor Law § 202 cause of action.
We decline to reach Arena’s argument, made for the first time on appeal, that she may not be held liable under Labor Law § 202 for the additional reason that she is not the “owner” of a “public building” within the meaning of the statute (cf. Matter of Richardson v Fiedler Roofing, 67 NY2d 246 [1986]; Chambers v Old Stone Hill Rd. Assoc., 303 AD2d 536 [2003]).
The Supreme Court also erred in awarding summary judgment to Arena dismissing the Labor Law § 200 cause of action insofar as asserted against her. Where an injury arises from an alleged dangerous and defective condition on property, the owner may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition (see Ortega v Puccia, 57 AD3d 54 [2008]; Azad v 270 5th Realty Corp., 46 AD3d 728 [2007]; Keating v Nanuet Bd. of Educ., 40 AD3d 706, 707 [2007]; Peay v New York City School Constr. Auth., 35 AD3d 566 [2006]; Kerins v Vassar Coll., 15 AD3d 623, 626 [2005]; Giambalvo v Chemical Bank, 260 AD2d 432, 433 [1999]). Here, Arena failed to demonstrate, prima facie, that these factors were absent.
The parties’ remaining contentions are without merit. Mastro, J.E, Ritter, Garni and Eng, JJ., concur.