■ J.J. CASSONE BAKERY, INC., Respondent, v NERI's LAND IMPROVEMENT, LLC, et al., Appellants, et al., Defendant. [886 NYS2d 739]—

In an action, inter alia, for specific performance of a restrictive covenant and injunctive relief, the defendants Neri's Land Improvement, LLC, and Neri's Bakery Products, Inc., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 8, 2008, as denied that branch of their motion which was to compel the plaintiff to comply with certain discovery demands, (2) from an order of the same court dated April 14, 2008, which, sua sponte, modified so much of the order dated April 8, 2008,

as granted the plaintiff's "cross-motion for a preliminary injunction on the first and second causes of action," by, in effect, granting the plaintiff's cross motion for summary judgment on its first and second causes of action seeking specific performance of the restrictive Covenant and permanent injunctive relief, and (3), as limited by their brief, from so much of an order of the same court dated October 29, 2008, as granted the plaintiff's motion, in effect, pursuant to CPLR 3217 (b) to discontinue the third, fifth, and sixth causes of action without prejudice.

Ordered that on the Court's own motion, the notice of appeal from the order dated April 14, 2008 is deemed an application for leave to appeal from that order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders dated April 8, 2008 and October 29, 2008, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 14, 2008 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants Neri's Land Improvement, LLC (hereinafter Neri's Land), and Neri's Bakery Products, Inc. (hereinafter Neri's Bakery, and together with Neri's Land, Neri) operate a bakery business on two parcels of property located in Port Chester, New York, and owned by Neri and/or its subsidiaries. The plaintiff J.J. Cassone Bakery, Inc. (hereinafter Cassone) also operates a bakery business in Port Chester on a parcel of property located approximately nine-tenths of a mile away from the two properties where Neri's operates its bakery business.

In 1999 Cassone acquired title to a parcel of property situated in between the two properties where Neri operates its bakery business (hereinafter the premises). Thereafter, in 2003 Cassone transferred the premises by deed to the defendant 41 Pearl Street Holding Company, LLC (hereinafter 41 Pearl Street). The deed contained a restrictive covenant prohibiting the use of the premises "as a bakery or for any purpose related or ancillary to a bakery" for a period of 50 years from the date of the deed. Subsequently, in 2006, 41 Pearl Street transferred the premises by deed to Neri's Land. In that deed, Neri's Land expressly acknowledged the existence of the restrictive covenant, which is set forth therein, and agreed to be bound by the restrictive covenant.

Sometime thereafter, Neri began using the premises for its corporate offices. In turn, Cassone commenced this action seeking, inter alia, to enforce the restrictive covenant and to restrain Neri from violating it.

Cassone established its entitlement to judgment as a matter of law on its causes of action seeking specific performance and injunctive relief by submitting evidence demonstrating that Neri's Land acquired the premises with actual knowledge of the restrictive covenant, that the intention of the restrictive covenant is clear, that the limitation of the restrictive covenant is reasonable and not offensive to public policy, and that Neri is violating the restrictive covenant by using the premises for its corporate offices (*see Chambers v Old Stone Hill Rd. Assoc.,* 1 NY3d 424, 431 [2004]; *Witter v Taggart,* 78 NY2d 234, 238 [1991]; *Evangelical Lutheran Church v Sahlem,* 254 NY 161, 167 [1930]; *Baumert v Malkin,* 235 NY 115, 120 [1923]; *Forest Hills Gardens Corp. v 150 Greenway Terrace, LLC,* 37 AD3d 759 [2007]; *Forest Hills Gardens Corp. v Evan,* 12 AD3d 563, 564 [2004]; *Silverstein v Shell Oil Co.,* 40 AD2d 34, 36-37 [1972], *affd* 33 NY2d 950 [1974]). In opposition, Neri failed to raise a triable issue of fact as to whether its use of the premises for its corporate offices violated the restrictive covenant (*see Baumert v Malkin,* 235 NY at 120; *cf., Kaufman v Fass,* 302 AD2d 497, 498-499 [2003], *cert denied* 540 US 1162 [2004]; *see generally Vuono v Interpharm Holdings, Inc.,* 55 AD3d 825, 826 [2008]; *Stock v Otis El. Co.,* 52 AD3d 816, 817-818 [2008]).

Moreover, contrary to Neri's contention, Cassone's cross motion for summary judgment was not premature, inasmuch as Neri failed to demonstrate that discovery would lead to relevant evidence (*see* CPLR 3212 [f]; *Chambers v Old Stone Hill Rd. Assoc.,* 1 NY3d at 431; *Evangelical Lutheran Church v Sahlem,* 254 NY at 167; *Forest Hills Gardens Corp. v 150 Greenway Terrace, LLC,* 37 AD3d at 759-760; *Forest Hills Gardens Corp. v Evan,* 12 AD3d at 564; *Silverstein v Shell Oil Co.,* 40 AD2d at 36; *McKenna v Levy,* 182 App Div 678 [1918]). For that same reason, the Supreme Court properly denied that branch of Neri's motion which was to compel discovery (*see* CPLR 3101).

Neri's remaining contentions are without merit. Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.