16-3372-cv
*Costco Wholesale Corp. v. GAP Partners IV, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand seventeen.**

PRESENT:   JOSÉ A. CABRANES,
JOHN M. WALKER, JR.,
REENA RAGGI,
             *Circuit Judges.*

---

COSTCO WHOLESALE CORPORATION,

              *Plaintiff-Appellant,*                          16-3372-cv

              v.

GAP PARTNERS IV, LLC, DBA CITY GATE WINE &
SPIRITS, ANTHONY J. COSTELLO & SON (SPENCER)
DEVELOPMENT, LLC, ANTHONY J. COSTELLO & SON
DEVELOPMENT, LLC,

              *Defendants-Counter-Claimants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT Costco Wholesale Corporation:**

GREGORY P. JOSEPH (Rachel M. Cherington and Gila S. Singer, *on the brief*), Joseph Hage Aaronson LLC, New York, NY.

**FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE GAP Partners IV, LLC, DBA City Gate Wine & Spirits:**

CHRISTOPHER D. THOMAS, Nixon Peabody LLP, Rochester, NY.

**FOR DEFENDANTS-COUNTER-CLAIMANTS-APPELLEES Anthony J. Costello & Son (Spencer) Development, LLC and Anthony J. Costello & Son Development, LLC:**

GLENN E. PEZZULO, Culley, Marks, Tanenbaum & Pezzulo, LLP, Rochester, NY.

Appeal from a September 7, 2016 judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED AND REMANDED** for such further proceedings as may be appropriate in the circumstances and consistent with this order.

This dispute between Plaintiff-Appellant Costco Wholesale Corporation ("Costco"), on one side, and Defendants-Counter-Claimants-Appellees Anthony J. Costello & Son (Spencer) Development, LLC, Anthony J. Costello & Son Development, LLC ("Costello") and GAP Partners IV, LLC, d/b/a City Gate Wine & Spirits ("GAP"), on the other, turns on the location of a liquor store in a retail development area. The District Court denied Costco's motion for judgment on the pleadings and granted the cross-motions of Costello and GAP for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the

factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

Costco and Costello each owned parcels of land in the development area. Before developing the land, therefore, Costco and Costello entered into a Reciprocal Easement Agreement ("REA"). In the REA, Costco and Costello agreed generally to prohibit liquor stores in the development, except that Costco could have one on its parcel, and Costello could have one in Building F as well as one in the Southern Property, which consisted of vacant lots that were not yet developed. In violation of the REA, Costello leased Building *D* to GAP, a liquor store tenant. Costco's liquor store tenant CHM Liquors, Inc. ("CHM") was then denied a liquor license by the state liquor authority because of the proximity of GAP's liquor store to Costco. The District Court agreed with Costello and GAP, however, that the REA's liquor store restriction was unenforceable because (1) the restriction should be extinguished under New York Real Property Actions and Proceedings Law ("RPAPL") section 1951 (McKinney 2009); (2) Costco was not injured by Costello's breach of the REA; and (3) Costco had orally agreed not to enforce the restriction.

The District Court erred in granting Defendants' Rule 12(c) cross-motions on the ground that the liquor store provisions of the REA were unenforceable under RPAPL section 1951. That New York statute "provides a mechanism for extinguishing land use restrictions." *328 Owners Corp. v. 330 W. 86 Oaks Corp.*, 8 N.Y.3d 372, 385 n.7 (2007). Extinguishment is proper "if, at the time the enforceability of the restriction is brought in question, it appears that the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason." RPAPL § 1951. The Court of Appeals of New York has explained that RPAPL section 1951 "must be construed in light of [its] legislative history," which focused on removing "outmoded restrictions," particularly ones that eliminated any valuable use of land, and which "ma[d]e clear that restrictive covenants were intended to be subjected to the doctrine of relative hardship." *Orange & Rockland Utils., Inc. v. Philwold Estates, Inc.*, 52 N.Y.2d 253, 264-65 (1981). Thus the question in applying RPAPL section 1951 is "whether in a balancing of equities" enforcement of the restriction "can be said to be, in the wording of the statute, 'of *no* actual and *substantial benefit*.'" 52 N.Y.2d at 266 (emphasis in original); *see also id.* (stating that extinguishment was permissible under the circumstances "if on balance that appeared to be the equitable course"). "[T]he party claiming that a restriction is unenforceable bears the burden of proving it" is unenforceable. *Chambers v. Old Stone Hill Rd. Assocs.*, 1 N.Y.3d 424, 434 (2004).

Here, Costello and GAP clearly have not met that burden in their Rule 12(c) cross-motions. As an initial matter, this is not a case in which encumbered land has been rendered valueless due to changed circumstances. The REA was executed by Costco and Costello *themselves*—not distant predecessors-in-interest—and these sophisticated and counseled parties jointly prohibited liquor

stores in the development except in specifically designated areas such as Building F. Moreover, although the record is notably unclear with respect to the lease between Costello and GAP and that lease's various amendments,[1] the lawyers for GAP and Costco appeared to be of the view that, in accordance with the REA, Costello and GAP originally entered into a lease for Building F and designated Building F as the relevant location in their liquor license application. *See* J.A. 324-25, 327-28. Costello and GAP later entered into (at least) two amendments to the lease, the second of which "reference[d]" three different addresses, including both Building D and Building F.[2] Costello Br. 3. These facts, if true, would appear to suggest that Costello and GAP were aware of the REA's restriction from the outset—well before any material investments into the liquor store—and may even suggest that Costello and GAP were attempting to evade the restriction by continuing to "reference" Building F in the second amended lease (which, again, is not even in the record).

Of course, no one disputes that Building F was (and remains) unavailable because it was (and remains) leased to and occupied by Siemens. But this was true at the time the REA was executed, and the lessor was (and remains) none other than Costello. Nor does it appear disputed that Building F was actually closer to Costco than Building D. But, again, at the time the REA was executed just as at present, Building F was not available, which would (and evidently did) delay or derail any installation of a liquor store in Building F. *See* GAP Br. 22 n.5 (Costello "spent over a year trying to evict [Siemens]"). Indeed, Costco suggests that the designation of Building F was not "mere happenstance," J.A. 95 (Costello Answer ¶ 22), but a knowing choice, *see* Costco Br. 3. Had Costello and GAP abided by the REA, Costco's lessee CHM might have procured a liquor license before Costello's putative Building F lessee.[3] A competitive advantage can constitute a "substantial benefit," RPAPL § 1951, under New York law. *See, e.g., Neri's Land Improvement, LLC v. J.J. Cassone Bakery, Inc.*, 65 A.D.3d 1312 (2d Dep't 2009) (upholding restrictive covenant intended to prevent competition from nearby bakery); *see also Hodge v. Sloan*, 107 N.Y. 244, 249 (1887) (nothing in public policy prevents seller from binding buyer of land to restriction of use that was intended to ensure sale would not be "detrimental to [the seller's] business"); *Silverstein v. Shell Oil Co.*, 40 A.D.2d 34 (3d Dep't 1972) ("Covenants restricting the use of lands for the purpose of preventing competition are not void if the covenant is reasonable with respect to the territory involved and the duration of the restriction."), *aff'd*, 33 N.Y.2d 950 (1974). The pleadings here give rise to a plausible inference that Costello's breach injured Costco by depriving it of a similar competitive advantage.

---

[1] None of these documents appears to be in the record before us.

[2] Costco characterizes Costello's initial lease to GAP as "secret[ ]." Costco Br. 37. It is not clear when Costco learned of the lease or its amendments as well as the liquor license application or its amendments.

[3] Alternatively, Costello might have installed a liquor store in the Southern Property, which was presumably farther away from Costco.

Viewing the record in the light most favorable to Costco, as we are required to do at the pleadings stage, judgment on the pleadings plainly should not have been awarded to Costello and GAP on the ground that the unambiguous liquor store prohibition in the REA, which had been recently negotiated between two sophisticated and knowledgeable parties, was unenforceable.

Nor was it proper to grant Costello's and GAP's motions on the ground of promissory estoppel because there are contested issues of material fact. Indeed, the key allegations of Costello and GAP have been denied by Costco. Specifically, Costco denies that (1) there was any clear and unambiguous oral promise, and (2) that the purported promisor—Keven Danow, the lawyer for CHM—had any authority to bind Costco. Accordingly, granting the Rule 12(c) cross-motions of Costello and GAP was error.[4]

## CONCLUSION

For the foregoing reasons we **VACATE** the September 7, 2016 judgment of the District Court and **REMAND** the cause for such further proceedings as may be appropriate in the circumstances and consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Given these disputed issues, there was no error in the District Court's denial of Costco's Rule 12(c) motion.