Matter of Fiore v Fabozzi (2020 NY Slip Op 00858)





Matter of Fiore v Fabozzi


2020 NY Slip Op 00858


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-11347
 (Index No. 80189/16)

[*1]In the Matter of Glenn Fiore, et al., respondents-appellants,
v
Paul Fabozzi, appellant-respondent.


Carlos M. Carvajal, New York, NY, for appellant-respondent.
Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford and Mara R. Levy of counsel), for respondents-appellants.



DECISION & ORDER
In a proceeding, inter alia, to enforce a restrictive covenant, Paul Fabozzi appeals, and Glenn Fiore and Theresa Fiore cross-appeal, from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated September 1, 2017. The order, insofar as appealed from, after a hearing, granted that branch of the petition which was to enjoin Paul Fabozzi from building a chimney. The order, insofar as cross-appealed from, denied that branch of the petition which was to enjoin Paul Fabozzi from building a gazebo.
ORDERED that on the Court's own motion, the proceeding is converted into an action, inter alia, to enforce a restrictive covenant, the order to show cause is deemed to be the summons, the petition is deemed to be the complaint and a motion for summary judgment on the complaint, and the respondent's opposition papers are deemed to be a cross motion for summary judgment dismissing the complaint (see CPLR 103[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
In January 2003, Paul Fabozzi bought a house from a company owned by Glenn Fiore. Glenn Fiore and his wife, Theresa Fiore (hereinafter together the Fiores), reside in the neighboring property. At the time of the sale, the parties agreed to the imposition of a restrictive covenant on Fabozzi's property that prevented Fabozzi from making any "additions or alterations" to his house which rose "above one story or 17.00 feet to the top of the roof of any structure as measured from the existing basement floor elevation." The parties agree that an intent of the restrictive covenant was to preserve the Fiores' view of the ocean from their house. The Fiores also contend that an additional intent of the restrictive covenant was to protect the environment.
In July 2016, Fabozzi began to build a gazebo in his backyard and converted a gas fireplace in his home into a wood-burning fireplace and added a chimney. In August 2016, the Fiores commenced this proceeding alleging that the construction of the gazebo and chimney violated the restrictive covenant and seeking to enforce the restrictive covenant by restraining Fabozzi from continuing with the construction and requiring him to remove that which he had already constructed. Fabozzi interposed an answer with counterclaims and submitted opposition papers.
Following a hearing, the Supreme Court determined that the chimney violated the restrictive covenant, permanently enjoined Fabozzi from continuing construction in violation of the restrictive covenant, and directed that the chimney be removed. The court determined that the gazebo did not violate the restrictive covenant. Fabozzi appeals and the Fiores cross-appeal. We affirm.
We note that although the Fiores commenced this matter as a special proceeding, the relief that they sought is cognizable only in an action (see CPLR 103[b]; Matter of Houston v Board of Mgrs. Deer Run Condominium Assn., 162 AD3d 1026, 1027). Accordingly, we exercise our authority pursuant to CPLR 103(c) to convert the proceeding into an action, inter alia, to enforce a restrictive covenant, and we deem the order to show cause to be the summons, the petition to be the complaint and a motion for summary judgment on the complaint, and Fabozzi's opposition papers to be a cross motion for summary judgment dismissing the complaint (see Matter of Houston v Board of Mgrs. Deer Run Condominium Assn., 162 AD3d at 1027; Matter of Chase v Wells Fargo Bank, N.A., 135 AD3d at 753).
"Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431; see Forest Hills Gardens Corp. v 150 Greenway Terrace, LLC, 37 AD3d 759, 759). "[A] party seeking to enforce a restriction on land use must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (Greek Peak v Grodner, 75 NY2d 981, 982). "[A]ny ambiguity in a covenant restricting use must be strictly construed against those seeking to enforce it, and the court must interpret the covenant to limit, rather than extend, its restriction" (9394 LLC v Farris, 10 AD3d 708, 709). Here, the provision in the restrictive covenant preventing construction "above one story or 17.00 feet to the top of the roof of any structure" is ambiguous. Since the restriction must be interpreted in a manner favorable to Fabozzi, rather than the Fiores, who are seeking to enforce the restrictive covenant (see id. at 709), we agree with the Supreme Court's determination regarding the restrictive covenant as to the gazebo.
We also agree with the Supreme Court's determination that the chimney violates the restrictive covenant (see Chambers v Old Stone Hill Rd. Assoc., 1 NY3d at 433-435; Forest Hills Garden Corp. v 150 Greenway Terrace, LLC, 37 AD3d at 759).
The parties' remaining contentions are without merit.
Accordingly, the order should be affirmed.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court